**UNITED STATES v. DOUGLAS.**

No. 8970.

Circuit Court of Appeals, Seventh Circuit.

June 15, 1946.

Rehearing Denied July 6, 1946.

George F. Callaghan, William H. Murphy, and Alfred Roy Hulbert, all of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Robert C. Eardley, Asst. U. S. Atty., both of Chicago, Ill., Theron L. Caudle, Asst. Atty. Gen. (Vincent A. Kleinfeld, Attorney, Department of Justice, Arthur A. Dickerman and William W. Goodrich, Attorneys, Federal Security Agency, all of Washington, D. C., of counsel), for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of conviction predicated upon an information filed by the United States District Attorney, which charged a violation of numerous sections of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq.

Defendant urges numerous grounds for reversal, but inasmuch as we are of the view that the judgment must be reversed on one of such grounds, it is unnecessary to state or discuss the others. The court sent to the jury the information, to which were attached two affidavits, each of which contained convincing proof in support of the charges contained in the information. One of the affidavits was made by a person called as a witness at the trial, the other was not. We see no reason to set forth the contents of these affidavits. It is sufficient to state that they strongly supported the government's case; in fact, they contained proof of every element essential to a conviction.

The question therefore is, was the submission of these affidavits to the jury reversible error? The government attempts to excuse their submission almost entirely by the fact that the court instructed the jury in the usual form to the effect that the information was no evidence of the defendant's guilt, that it was not to be treated by the jury as raising any kind of presumption against the defendant, and that it was simply the formal manner prescribed by law for preferring a charge and should be regarded by the jury solely in that light. A number of cases are cited in which this general instruction has been approved. We need not cite or discuss them for the reason that they are beside the point. No complaint is made because the information was permitted to go to the jury, but the criticism is directed solely at the affidavits. It is one thing to send to the jury an indictment or information, the accusation against the defendant, but something entirely different to send affidavits containing the government's proof

in support of such accusation. We know of no authority and we suspect there is none which condones, much less approves, such a procedure.

It is pointed out by the government that these affidavits were required by the court as a prerequisite to its granting leave to file the information. This no doubt was a proper procedure. The filing of an information is discretionary with the court and leave must be obtained. In the exercise of this discretion, it may properly require that in some manner it be satisfied of probable cause for a prosecution. One of the ways by which it may be so satisfied is by the filing of affidavits. See Albrecht v. United States, 273 U.S. 1, 5, 47 S.Ct. 250, 71 L.Ed. 505.

It is also suggested that the affidavits were attached to the information and became a part thereof. We are unable to discern how this affects the situation. We know of no reason why they should be attached to the information other than perhaps for the purpose of convenience. In any event, they are no part of the charge, and their sole function is to serve as proof in convincing the court that leave should be granted to file. Furthermore, the fact that they were attached to the information furnishes no reason why they could or should not have been detached before the information was sent to the jury.

The government is in a dilemma in attempting to sustain its position. In one breath it concedes, as it must, that these affidavits were submitted to the court as proof in support of the charge for the purpose of inducing the court to grant leave to file, and in the next breath argues that when these same affidavits were submitted to the jury they were merely a part of the accusation and constituted no proof in support thereof. This latter argument is untenable and must be rejected. In fact, we think that there would be no difference in effect or result if the transcript of the testimony given before a grand jury as the basis for an indictment was submitted to the trial jury. Surely no one would seriously contend but that such procedure would constitute prejudicial error.

Lastly, the government urges that this court ignore the error for the reason that it was neither excepted to nor assigned as error by the defendant. Again the government is in a rather awkward situation. There is nothing in the record, including the court's charge to the jury, to show or indicate that either defendant or the court had any knowledge that these affidavits were being submitted to the jury. The court instructed the jury concerning the information and of course all had knowledge that it was being submitted. Obviously, defendant's counsel could not be expected to object to the submission of the affidavits unless he had knowledge thereof. True, as pointed out, the court no doubt had knowledge that the affidavits were attached to the information at the time leave was granted to file, but it does not follow that it had such knowledge at the time it submitted the information. Furthermore, it may be that the court presumed that counsel for the government would make it his business, as he should have done, to ascertain that these affidavits were detached. Counsel for the government was the moving factor in the matter and must be held responsible for a procedure which, in our judgment, was unfair, prejudicial and attended with dangerous consequences.

Furthermore, we are of the view that the question presented is too serious to go unnoticed even though it was not properly raised in the court below. Amendment VI of the Constitution of the United States provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The submission to the jury of the affidavits complained of was a palpable infringement of this constitutional right.

The judgment is reversed.