UNITED STATES, Appellee

v

JOHN A. JAKAITIS, Seaman Recruit, U. S. Navy, Appellant

10 USCMA 41, 27 CMR 115

*Lieutenant (jg) Joseph A. Califano, Jr.*, USNR, argued the cause for Appellant, Accused.

*Major George M. Lilly*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander Craig McKee*, USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused stands convicted of offenses in violation of Articles 86, 90, 113, and 134 of the Uniform Code of Military Justice, 10 USC §§ 886, 890, 913, and 934, respectively. He entered guilty pleas as to the offenses charged under Articles 86 and 113 and not guilty pleas as to those charged under Articles 90 and 134. The prosecution case rested upon four depositions and one stipulation.

We granted accused's petition for review to resolve two issues:

1. Whether the law officer erred to the material prejudice of the substantial rights of the accused when he placed only the depositions of the prosecution witnesses before the court during their closed deliberations.

2. Whether it was prejudicial for the president of the court-martial and the law officer to have an unrecorded conference during the trial.

The following facts are essential to decide the issues granted.

At the close of argument the law officer, on his own motion, announced that he was going to give all of the exhibits introduced, including the depositions, to the court-martial during its closed deliberations. The defense counsel objected "to the depositions being placed before the court on the grounds that a deposition is testimony, and the testimony of witnesses is not placed before the court as such." Trial counsel stated he would not "resist the objection of the defense." He announced that his limited research indicated a split of authority on whether or not depositions may be placed before a court during its closed deliberations. In order to avoid the possibility of error, Government counsel requested that the depositions not be given to the court-martial. During the discussion upon this point, the following colloquy took place:

"LO: Captain, this is a question of law to be decided on by the law officer. Now, unless you have something outside of this question that's presented at this time, I would like to decide this question first.

"PRES: Could we clear the court, and could I talk with you just a moment?

"LO: Yes, we can close the court.

"PRES: All right, clear the court, please.

"LO: At this time we will take a two-minute recess.

"The court recessed at 0915 hours, 29 May 1957.

"The court opened at 0918 hours, 29 May 1957.

"PRES: The court is called to order."

After this unrecorded conference, the law officer announced that the depositions would be placed before the court. He then denied a defense motion that the transcript of the accused's testimony before the court-martial also be placed before it in its closed session.

### The first issue.

Research indicates a dearth of military cases involving this precise issue. We turn, therefore, to the field of civilian law for guidance. In 53 Am Jur, Trial, § 931, it is stated:

"In some states the matter of delivering depositions to the jury on retirement rests in the discretion of the court, whereas in others, sometimes under express statutory prohibition, depositions are withheld from the jury. The obvious reason for such exclusion is that depositions may and do contain matters not admissible in evidence which have been eliminated from the consideration of the jury. Moreover, *it would be unequal, while forbidding jurors to call before them witnesses examined in court, to permit them to take with them depositions of witnesses unexamined in court."* [Emphasis supplied.]

And 89 CJS, Trial, § 466b, states:

"It has been held in many jurisdictions either with, or without, apparent statutory basis therefor that it is error to permit the jury to take to their room depositions which have been read on trial. . . . Statutes providing without exception that papers read or used in evidence may be taken by the jury are usually held not to abrogate the rule or authorize or require that depositions be sent out with the jury."

In the early case of United States v Clark, 25 Fed Cas 454, No. 14,811 (CC D DC) (1818), a new trial was ordered after a murder conviction when the jury, upon retiring, took with them the coroner's inquest and depositions.

In the case of Strickland v State, 167 Ga 452, 145 SE 879 (1928), involving an appeal from a murder conviction, the court held that a dying declaration, because of its similarity to a deposition, could not be submitted to the jury during its deliberations. The court said:

"Many decisions hold that depositions read in evidence should not go to the jury. . . . *The reason for this rule is that the party whose case is sustained by depositions would have an improper advantage over the party whose proofs were oral only."* [Emphasis supplied.]

In the case of People v Spranger, 314 Ill 602, 145 NE 706 (1924), which also concerned an appeal from a murder conviction, the trial court permitted the jury to take an incriminating confession of a confederate of the defendant into their closed deliberations over the defendant's objection. In reversing, the appellate court said:

". . . This was erroneous. It is error to permit the jury to take with them for consideration in the jury room depositions or dying declarations."

The case of United States v Douglas, 155 F 2d 894 (CA 7th Cir) (1946), was concerned with an appeal from a conviction for a violation of the Federal Food, Drug, and Cosmetic Act, 21 USC § 301, et seq. There, the court sent to the jury the information to which were attached two affidavits both containing material in support of charges contained in the information. The court stated:

". . . It is one thing to send to the jury an indictment or information, the accusation against the defendant, but something entirely different to send affidavits containing the government's proof in support of such accusation. We know of no authority and we suspect there is none which condones, much less approves, such a procedure."

Accord, United States v Grady, 185 F 2d 273 (CA 7th Cir) (1950).

The case of Steele v United States, 222 F 2d 628 (CA 5th Cir) (1955), cert den 355 US 828, 78 S Ct 39, 2 L ed 2d 41, reh den 355 US 875, 78 S Ct 115, 2 L ed 2d 79, involved an appeal from a conviction for income tax evasion. In reversing, the appellate court held it constituted prejudicial error for the trial court, at the Government's request, to send to the jury room exhibits which were computations based upon the Government witnesses' evidence. In doing so, the court said:

". . . [B]y the very fact that they were sent to the jury after their deliberations had begun, *the Government's side was given a great and unfair advantage over that of the defendant, since the defendant had no corresponding summaries of its*

**43**

*view of the evidence. . . ."* [Emphasis supplied.]

In our view a deposition may not, in the strict sense of the word, be deemed an exhibit. Rather, it is the equivalent of the testimony of a witness who was unavoidably absent from the trial.

Consequently, in view of the authorities discussed, we hold that the law officer erred to the material prejudice of the substantial rights of the accused by his action.

### The second issue.

Article 26(b) of the Uniform Code, supra, 10 USC § 826, provides:

"The law officer may not consult with the members of the court, other than on the form of the findings as provided in section 839 of this title (article 39), except in the presence of the accused, trial counsel, and defense counsel, . . ."

Article 39 of the Code, supra, 10 USC § 839, provides:

". . . All other proceedings [i. e., other than the law officer collaborating with the court to put the findings in proper form], including any other consultation of the court with counsel or the law officer, shall be made a part of the record and shall be in the presence of the accused, the defense counsel, the trial counsel, and in general court-martial cases, the law officer."

In United States v Lowry, 4 USCMA 448, 16 CMR 22, we held that a private communication between the law officer and the court is presumed to be prejudicial. In United States v Allbee, 5 USCMA 448, 18 CMR 72, we laid down the principle that the presence of the law officer during the court-martial deliberations on the sentence should be assessed in terms of specific, rather than general, prejudice. In so doing, we said:

"In applying a specific prejudice standard to the participation by a law officer in the deliberations of a court-martial, we propose hereafter to utilize a rebuttable presumption that prejudice did in fact result from such participation."

In the recent case of United States v Turner, 9 USCMA 124, 25 CMR 386, we employed the following language:

". . . [T]he tradition of nonparticipation of the law officer in the deliberation of the court-martial is sufficiently well-established in the service so that where occasional lapses occur, this Court will utilize the rebuttable presumption that prejudice did in fact result from such participation.

". . . When the law officer enters the closed session of a court-martial, he must insure that the proceedings which transpire during his presence will accurately and faithfully be recorded and made a matter of record. Article 39 of the Code, supra, 10 USC § 839. The time of entry and departure from the closed session is an important part of the record. It is absolutely essential that the record of trial reflect as accurately as possible the true nature of the proceedings in order to avoid any suspicion or suggestion that discussions which may have in any manner prejudiced the accused had taken place 'off the record.' "

We conclude, therefore, that it was prejudicial for the president of the court-martial and the law officer to have an unrecorded conference during the trial.

Consequently, the findings of guilty, as to the Articles 90 and 134 offenses are set aside (Charges II and V), and the sentence is disapproved. The findings of guilty of Charges I and IV, to which the accused pleaded guilty, are affirmed. The record of trial is returned to The Judge Advocate General of the Navy for action consistent with this opinion. A rehearing may be ordered as to Charges II and V in which event the court-martial should impose a sentence appropriate for the offenses approved herein, as well as such of those offenses of which accused may be convicted upon the rehearing. If a rehearing is not ordered, a board of review should reassess the sentence

upon the basis of the approved findings.

Chief Judge QUINN and Judge LATIMER concur.