UNITED STATES, Appellee

v

CHARLES L. POLITTE, Private E–2, U. S. Army,
Appellant

10 USCMA 134, 27 CMR 208

No. 12,176

Decided January 9, 1959

*Lieutenant Colonel W. H. Blackmarr* argued the cause for Appellant, Accused.

*First Lieutenant Avram G. Hammer* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant George J. Miller.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused stands convicted of offenses in violation of Articles 121 and 86, Uniform Code of Military Justice, 10 USC §§ 921 and 886. With the exception of a modification of the sentence at the convening authority level, intermediate appellate bodies have affirmed.

The accused's appeal is predicated upon Charge I, to which he pleaded not guilty, which charged him with the larceny of monies of another person. A deposition of the accused's commanding officer was proffered in evidence, in which was recounted the former's confession of the crime to him. Testifying in his own behalf, accused admitted making the confession but offered as excuse the fact that he had done so for another who was actually guilty of the offense, and who was to confess to it after his imminent discharge

**134**

from the service, but who failed to do so. Accused admitted to accepting a monetary consideration for the making of his confession.

We granted the accused's petition for review to determine whether the law officer erred in allowing the court-martial to consider the deposition in closed session over defense objection.

There can be no question but that the law officer's action constituted error. See United States v Jakaitis, 10 USCMA 41, 27 CMR 115. In probing for prejudice, however, we note that in *Jakaitis,* supra, the prosecution case rested upon four depositions and one stipulation, to which, as to the two offenses involved, the accused entered pleas of not guilty. It follows that in closed session the court-martial there was faced with the task of weighing the accused's testimony against the

depositions. Here, in one all-important respect, the situation is different. In the present case the accused, while tendering an excuse, admitted to making the confession. Consequently, the court-martial had no issue to determine as to the statements made in the deposition when it retired into closed session. Therefore, we find no prejudice.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.