UNITED STATES, Appellee

v

RICHARD J. AGUILERA, Airman Recruit, U. S. Navy, Appellant

18 USCMA 456, 40 CMR 168

No. 22,060

July 18, 1969

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Walter F. Brown,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused pleaded guilty, before a special court-martial, to three specifications of possession of, with intent to deceive, a military identification card, a liberty pass, and an overnight pass of another serviceman, and one specification each of breach of arrest and absence without leave, in violation of Articles 134, 95, and 86, Uniform Code of Military Justice, 10 USC §§ 934, 895, and 886, respectively. He was sentenced to a bad-conduct discharge with no accessory penalties. Intermediate appellate authorities approved the findings and sentence with-

out change. We granted review to determine whether the accused was prejudiced by the conference between the president and the staff judge advocate.

The record reflects that when the court reopened to announce the results of its consideration on the matter of sentence, trial counsel made the following announcement:

"TC: All parties to the trial who were present when the court closed are again present.

"Mr. President, before announcing sentence, I would like the record to reflect that yourself and the Staff Judge Advocate, Fleet Activities, Yokosuka, Japan had a conference and the Staff Judge Advocate did ask me to make it a matter of record and that there is nothing improper in your conferring, it is just that it should be a matter of record.

"Let the record relfect [sic] that the president conferred with the Staff Judge Advocate of Fleet Activities, Yokosuka, Japan and inquired whether an administrative discharge could be awarded by this court. The Staff Judge Advocate informed me that he told the president that, in the event discharge was felt appropriate by the members of the court, a punitive discharge or BCD, was the only type of discharge that could be awarded by the court."

The president made no comment on the matter and immediately thereafter announced the sentence.

The convening authority noted the irregularity of having a conference, during the trial, between the president and the staff judge advocate but did not believe the accused was prejudiced, since the substance of the conference was later set forth in open court and on the record; the advice was correct; and there was no objection by defense counsel. The officer exercising general court-martial jurisdiction also acknowledged this error but agreed that it was not prejudicial for the same reasons. The board of review did not discuss the matter for the issue was not raised there.

We hold that the conference between the president of this special court-martial and the staff judge advocate to the convening authority was patently erroneous (United States v Guest, 3 USCMA 147, 11 CMR 147; United States v Self, 3 USCMA 568, 13 CMR 124; United States v Linder, 6 USCMA 669, 20 CMR 385; United States v Johnpier, 12 USCMA 90, 30 CMR 90; United States v Smith, 12 USCMA 127, 30 CMR 127; United States v Norwood, 16 USCMA 310, 36 CMR 466), and in this case prejudicial to the accused. United States v Linder; United States v Smith; and United States v Norwood, all supra; United States v Jakaitis, 10 USCMA 41, 27 CMR 115.

A court-martial, under the Code, is a judicial body rather than an instrument of command. It sits in judgment between the accused and the United States. To permit a representative of the convening authority to invade its proceedings and to conduct business with it in the secrecy of a closed session, or on the basis of off-the-record exchanges, simply divests the court of its judicial character. In short, such a conference, as in the case at bar, violates the integrity of the court's deliberations. As we said in United States v Self, supra, at page 575, "The legal officer of a command should not take part in the discussion on any matter affecting the proceedings." And in United States v Smith, supra, at page 129, "Indeed, the proper rule is that such meddling is presumptively prejudicial. United States v Allbee, 5 USCMA 448, 18 CMR 72; United States v Jakaitis, 10 USCMA 41, 27 CMR 115."

That presumption is not rebutted by trial counsel's *secondhand* explanation, for the record, of the subject matter of the conference, as *reported to him by the staff judge advocate*. The conference was private and was not recorded (Article 19, Code, supra, 10 USC § 819), and it appears that neither trial nor defense counsel nor the accused were present. This is not to indicate that any of these individuals should take part in the deliberations on sentence. Obviously, they should not.

The participation of *any* unauthorized person in the closed session deliberations of a court-martial is forbidden. United States v Smith; United States v Jakaitis, both supra. When the president requires additional instructions he should not seek outside help but should reopen the court or state his request in a proper manner, where all parties concerned can participate and the matter can be recorded. Article 39, Code, supra, 10 USC § 839. United States v Jakaitis; United States v Norwood, both supra. In this manner, defense counsel will be accorded the opportunity to object or to present additional instructions. Prejudice as to sentence in this case is apparent.

The decision of the board of review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on sentence may be ordered.