UNITED STATES, Appellee

v

GEORGE E. PRIEST, Private First Class, U. S. Army, Appellant

**19 USCMA 446, 42 CMR 48**

No. 22,523

May 22, 1970

*Captain Brian B. McMenamin* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser,* and *Captain Monte Engler.*

*Captain Edward W. Hieronymus* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

We are concerned in this case with whether the pretrial activities of the law officer, specifically a conference he had with the staff judge advocate concerning Additional Charge I and its specification,[1] disqualified him from further participation in the trial.

During an out-of-court hearing to inquire into a plea of guilty to all of the charges and specifications, the law officer stated:

". . . We'll pass then to Additional Charge I which alleges a violation of paragraph 8 of USARV Regulation 210–5. This morning before we convened I read over USARV Regulation 210–5. It's a regulation dated 3 August 1967. I've been provided Change I, dated 26 April 1968. The Regulation and its change will be Appellate Exhibit II. The copy that I have apparently is the organization's file copy. I will not mark it; but when the record is prepared, another copy of the regulation and the change may be incorporated at that time.

"TC: Okay, sir.

"LO: There is a problem with respect to Additional Charge I. First, the conduct alleged in the specification of the Additional Charge I is absolutely unaffected by anything that appears in paragraph 8 of the regulation. The only paragraph of the regulation that would conceivably apply would be paragraph 6, but a careful reading of paragraph 6 demonstrates that it does not apply wither [sic]; because a grenade is not a firearm. It is not a firearm in common parlance, and it is not a firearm as that term is defined in paragraph 3 of USARV Regulation 210–5. So, a plea to violating USARV Regulation 210–5 cannot be accepted. In my view, gentlemen, though, footnote 5 in the Table of Maximum Punishments would have applied to a violation of the regulation by carrying a concealed weapon. The punishment would have been limited to the Article 134 offense of carrying a concealed weapon which would have been the proper charge to

---

[1] "Additional Charge I: Violation of the Uniform Code of Military Justice, Article 92

"Specification: In that Private First Class George E. Priest, US Army, Company B, 2d Battalion (Airmobile) 327th Airborne Infantry, 101st Airborne Division, APO San Francisco 96383, did, at Saigon, Republic of Vietnam, on or about 3 November 1968, violate a lawful general regulation, to wit: paragraph 8, USARV Regulation 210–5, dated 3 August 1967, by concealing in the lower right pocket of his fatigue shirt one (1) M-26 fragmentation grenade."

begin with. Now, I'll go into this with PFC Priest. I am now addressing myself to counsel. Assuming that the plea of carrying a concealed weapon is made, I would accept the plea to that offense, in violation of Article 134. The punishment would not be affected at all. The maximum term of confinement would be 1 year in either offense. This is because of footnote 5 in the Table of Maximum Punishments. I wish to inform counsel that when I became aware of the problem with respect to Additional Charge I, I made an informal inquiry of the Staff Judge Advocate of the 101st Airborne Division whether my refusing to accept a plea to Article 90 offense, rather 92 offense I mean, and accepting a plea to an Article 134 offense would in any way affect an agreement between PFC Priest and the Convening Authority. The Staff Judge Advocate informed me that in his view the agreement would remain in effect because this is simply a change of form and not of substance. However, if you wish, Captain Prager, I will recess this out-of-court hearing so that you can confer with your client or to the Staff Judge Advocate or with the Convening Authority concerning the effect of a plea to a lesser included offense.

"DC: At this time, sir, I would like to speak to my client for a few minutes."

Prior to the conference between the accused and defense counsel, the law officer made inquiry of the accused as to his actions with regard to this offense to determine whether a plea of guilty to a charge of carrying a concealed weapon under Article 134, Uniform Code of Military Justice, 10 USC § 934, if later made, would be providient. Satisfied that it would be, the out-of-court hearing was recessed for five minutes. When reconvened, defense counsel announced that the accused would plead guilty to an amended charge and specification alleging that he was carrying a concealed weapon in violation of Article 134. The law officer accepted that plea.

**448**

We need not discuss the issue at length. Suffice to state we believe that the law officer, by his pretrial conference with the staff judge advocate, went beyond the mere perusal of the file in order to prepare for trial. United States v Mitchell, 15 USCMA 516, 36 CMR 14 (1965). When he made an early determination that the specification of Additional Charge I did not state the offense charged but that a lesser included offense could be made out by amendment of both the charge and the specification and thereafter *sought the Government's reaction to his future ruling,* he departed from the impartial and independent role assigned to him by the Congress and affirmed by decisions of this Court. See, generally, United States v Berry, 1 USCMA 235, 2 CMR 141 (1952); United States v Jackson, 3 USCMA 646, 14 CMR 64 (1954); United States v Wilson, 7 USCMA 656, 23 CMR 120 (1957); United States v Mortensen, 8 USCMA 233, 24 CMR 43 (1957); United States v Renton, 8 USCMA 697, 25 CMR 201 (1958); United States v Turner, 9 USCMA 124, 25 CMR 386 (1958). Cf. United States v Aguilera, 18 USCMA 456, 40 CMR 168 (1969), and cases cited at page 457.

In United States v Mortensen, supra, this Court condemned similar action by a law officer who, prior to trial, recommended to the office of the staff judge advocate that three specifications alleging indecent assault be amended to allege also the act of fondling of the victim because the law officer had reservations as to their sufficiency as drafted. The principal opinion in *Mortensen* contains the following language:

". . . When, as here, a law officer concludes a specification is defective, paragraph 69 of the Manual spells out how he should proceed. Regardless of the method employed to effectuate the amendment, the paragraph envisions that the matter will be before the court and not handled in an ex parte, off-the-record transaction." [*Ibid.,* at page 235.]

In United States v Renton, supra, we held that the court-martial erred in failing to sustain a challenge for cause to the law officer who had assisted the officer preparing the charges against the accused by drafting appropriate sample specifications. As we stated, in *Renton,* at page 701:

". . . We can only look with complete disapproval upon the conduct of a law officer who actively assists the prosecution prior to trial and then subsequently attempts to sit in the case as a disinterested arbiter."

We do not fault the law officer for his pretrial preparation; indeed, it is to be encouraged. United States v Mitchell, supra. Nor are his motives in question here. What we cannot condone and what we believe was prejudicially erroneous in this case, was his unrecorded conference with the staff judge advocate, on the morning of the trial, outside the presence of the accused and trial and defense counsel, relative to a matter of vital importance to the accused and which seriously affected the judicial proceedings. Article 39, Code, supra, 10 USC § 839. See United States v Huggins, 12 USCMA 686, 31 CMR 272 (1962). Cf. United States v Kennedy, 8 USCMA 251, 254, 24 CMR 61 (1957), where we said:

"In civilian courts, it is well settled that after a criminal indictment, the accused must be present at all stages of the trial. Lewis v United States, 146 US 370, 13 S Ct 136, 36 L Ed 1011 (1892); Crowe v United States, 200 F2d 526 (CA 6th Cir) (1952); Fina v United States, 46 F2d 643 (CA 10th Cir) (1931)."

While the court here had not yet officially been convened, the Article 32 investigation had been completed, the case had been referred to trial by a general court-martial, and charges had been served upon the accused and his counsel. The court was called to order at 8:40 a.m. on the day the law officer conferred with the staff judge advocate. No reason appears that would militate against strict compliance with Article 39, Code, supra, and the procedure for the handling of motions set forth in paragraph 69, Manual for Courts-Martial, United States, 1951. What we indicate here was expressed in United States v Mortensen, supra, as follows:

". . . The net of all this is that we seek to eliminate from military trials the volunteer out-of-court transactions sometimes engaged in by law officers and to force them to consider judicial matters only in the courtroom arena with the accused, his counsel, and a reporter present. By now all law officers ought to understand that principle and, in order to assure the accused a fair trial, it should be meticulously observed." [*Ibid.,* at page 236.]

We need not decide, as suggested by the appellate defense counsel, whether the law officer's actions were motivated solely by a desire to secure for the appellant the substantial benefits of the pretrial agreement, or, whether, out of a zeal for law enforcement, he acted as a prosecutor to rescue a doubtful conviction for the Government. However well meaning his action, it served only to circumscribe the area in which he could properly act in a judicial capacity. His prior preparation of "a form which can be used for a plea of guilty to the lesser included offense," effectively removed him from the role of impartial judge as to Additional Charge I and its specification. United States v Renton, supra. We find defense counsel's acceptance of the law officer's action in this case an accession to the latter's view as to the proper charge and specification to which the accused should plead guilty. In that regard, we believe this case is distinguishable from *Mortensen* wherein defense counsel *specifically* waived the impropriety of the law officer's conduct and declined to challenge him for cause.

The decision of the Court of Military Review affirming the accused's conviction of Additional Charge I and its specification is reversed and they are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of

**449**

Military Review may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

The principal opinion apparently applies a rule of partial disqualification of the law officer. If he were in fact disqualified, he was disqualified for all purposes and not for only one specification.

When the law officer realized one of the specifications was deficient, he apparently was concerned that his required ruling would vitiate a pretrial agreement the accused considered favorable to him. Despite the law officer's solicitude, he has no responsibility for protecting a pretrial agreement, and he was performing beyond his duty when he inquired whether a change in the Article under which concealment of the grenade was charged and pleaded was likely to invalidate the agreement. But the accused and his counsel were fully informed of what the law officer had done, and he suggested a recess if they wanted to be reassured about the effect on the pretrial agreement of a plea to a lesser included offense. The accused and his counsel obviously had no objection to the law officer's actions. In United States v Mortensen, 8 USCMA 233, 24 CMR 43 (1957), and United States v Turner, 9 USCMA 124, 25 CMR 386 (1958), this Court held in similar circumstances that any possible challenge for cause was waived. Despite the attempt to distinguish *Mortensen* in the principal opinion, the effect of the decision in this case is to overrule those two cases.

I would affirm the decision of the Court of Military Review.