UNITED STATES, Appellee

v

MARK L. POWELL, Private, U. S. Army, Appellant

20 USCMA 45, 42 CMR 237

No. 22,803

August 21, 1970

Captain David S. Cooper argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser, and Captain Thomas R. Maher.

Captain M. M. O'Dowd, Jr., argued the cause for Appellee, United States. With him on the brief were Colonel David T. Bryant, Major Edwin P. Wasinger, Captain William R. Steinmetz, Captain Salvatore A. Romano, and Captain Thomas W. Phillips.

## Opinion of the Court

QUINN, Chief Judge:

Before trial, the military judge conferred with a representative of the staff judge advocate in regard to the presentation of evidence in the case. Although we are certain of, and the record amply demonstrates, the purity of the judge's purpose, we must condemn his extra-courtroom consultation. Any question the judge may have had as to a legal or factual issue in the case should have been taken up with trial and defense counsel in camera or in open court. See United States v Frye, 8 USCMA 137, 23 CMR 361 (1957); United States v Kennedy, 8 USCMA 251, 24 CMR 61 (1957). The judge's action was erroneous, but we can perceive no possibility of prejudice to the accused. Full disclosure of the consultation was made in court, and defense counsel affirmatively indicated he did not wish to challenge the judge for cause. The accused entered a plea of guilty, stipulated to the evidence which was the subject of the consultation (the dollar exchange value of German marks), and agreed with the Government as to the legal limits of punishment for the offenses to which he pleaded guilty. In these circumstances he could not have been harmed by anything said at the conference. United States v Wismann, 19 USCMA 554, 42 CMR 156 (1970). In addition, the judge did nothing to change or modify the proceedings against the accused so as to affect his impartiality and impart an appearance of evil to the trial. Cf. United States v Priest, 19 USCMA 446, 42 CMR 48 (1970).

In a second assignment of error, it is contended that the military judge erred to the accused's prejudice by considering his record of nonjudicial punishment imposed under Article 15, Uniform Code of Military Justice, 10 USC § 815. The Manual for Courts-Martial, United States, 1969 (Revised edition), which was in effect at the time of trial, authorized consideration of Article 15 punishment for sentence purposes, but since the accused's offenses were committed before the effective date of the Manual, the record should not have been admitted in evidence. United States v

46

Johnson, 19 USCMA 464, 42 CMR 66 (1970). However, there is no fair possibility that the record influenced the judge to impose a more severe sentence than he would have imposed had he not had the record before him. The Article 15 punishment was for a two-day unauthorized absence. The offenses of which the accused was convicted made him liable to confinement at hard labor for twenty-six years and a dishonorable discharge. The judge imposed confinement for one year and a bad-conduct discharge. It compellingly appears, therefore, that the record of nonjudicial punishment was not used to increase the sentence. United States v Tipton, 19 USCMA 483, 42 CMR 85 (1970); United States v Gauthier, 19 USCMA 482, 42 CMR 84 (1970).

The decision of the United States Army Court of Military Review is affirmed.

Judges FERGUSON and DARDEN concur.