UNITED STATES, Appellee,

v.

Bret H. AUSTIN, Sergeant,
U.S. Army, Appellant.

No. 66,576.
CM 8801708.

U.S. Court of Military Appeals.

Argued Feb. 11, 1992.

Decided Sept. 24, 1992.

For Appellant: *Captain Alan M. Boyd* (argued); *Ben S. Fletcher III* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During early August 1988, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Campbell, Kentucky. Contrary to his pleas, he was found guilty of sodomy of a child under 16 years of age as well as communicating indecent language to and committing indecent acts with a child under 16 years of age, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 10 years, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence on November 9, 1988. On March 26, 1991, the Court of Military Review affirmed the findings and the sentence. 32 MJ 757.

On August 21, 1991, this Court granted review on the following issues:

I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW BY HOLDING THAT THE VERBATIM TRANSCRIPT OF THE ALLEGED VICTIM'S TESTIMONY AT A PRIOR ARTICLE 32 HEARING WAS CORRECTLY TREATED AS DOCUMENTARY EVIDENCE THAT COULD BE TAKEN INTO THE DELIBERATION ROOM AFTER BEING READ ALOUD TO THE COURT MEMBERS DURING THE TRIAL.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE MILITARY JUDGE CORRECTLY ADMITTED EVIDENCE OVER DEFENSE OBJECTION THAT APPELLANT HAD COMMITTED ONE UNCHARGED ACT OF SODOMY UPON HIS STEPDAUGHTER FIVE YEARS PRIOR TO THE CHARGED OFFENSES.

III

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING OVER DEFENSE OBJECTION HEARSAY TESTIMONY OF A FAMILY COUNSELOR AS STATEMENTS FOR MEDICAL DIAGNOSIS OR TREATMENT UNDER MIL.R.EVID. 803(4).

Specified Issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING TESTIMONY THAT THE VICTIM SHOWED SYMPTOMS OF A SEXUALLY ABUSED CHILD.

We hold that it was prejudicial error for the military judge to allow the court members to take into the deliberation room a previously admitted transcript of the alleged victim's testimony at the pretrial investigation, *see* Art. 32, UCMJ, 10 USC § 832, which she had recanted in her testimony at trial. *See generally United States v. Jakaitis*, 10 USCMA 41, 27 CMR 115 (1958); *Thomas v. State*, 259 Ind. 537, 289 N.E.2d 508 (1972). Because of our resolution of this issue, the other issues in this case need not be addressed.

The Court of Military Review said the following as a prelude to its decision in this case:

This case arose from two incidents between appellant and his ten-year-old stepdaughter, T.S., in the family home on 27 April 1988. Appellant was charged with telling her that morning to "suck my dick," and later in the evening of the same day with fondling her breasts, buttocks, and vagina and committing anal intercourse. The charges were based on complaints first made by T.S. that same evening to her mother, Caroline Austin. T.S. subsequently made statements to doctors, a family counselor, and investigators. Although she testified in detail about the incidents at the Article 32, Uniform Code of Military Justice, investigation, at trial she recanted earlier statements and generally declined to talk

about the incidents. The government then introduced her Article 32 testimony which first was read to the panel and later taken into the deliberation room, all over various defense objections.

Appellant's defense consisted of testimony tending to portray his stepdaughter as a relatively knowledgeable, somewhat manipulative little girl who often told lies and who had been "grounded" for lying just before the incident in question. Defense witnesses testified that appellant was a truthful, law-abiding individual who was an excellent soldier. He denied he had ever sodomized his stepdaughter or fondled her genitalia.

32 MJ at 758.

As part of its case-in-chief, the prosecution called First Lieutenant Eric A. Angstadt who was the Article 32 Investigating Officer at Fort Campbell. He testified concerning the alleged victim's pretrial testimony at an Article 32 Investigation and identified "the verbatim transcript of" that testimony. Defense counsel lodged a series of objections to that transcript which were initially denied by the military judge but later were partially granted by him. The military judge admitted the remainder of this transcript as a prior inconsistent statement under Mil.R.Evid. 801(d)(1), Manual for Courts–Martial, United States, 1984, and as former testimony under Mil. R.Evid. 804(b)(1).

The following discussion then occurred on how the admissible portion of the transcript would be presented to the members:

MJ: Okay, at this point I'm going to sustain the objection. I will allow you to move for admission of that portion at a later time. At this stage I'm still going to sustain the objection. I'm not sure that the incident is admissible.

Is that the only part you are talking about, Major Arnold?

DC: I believe so, sir, I—I believe so.

MJ: Okay, what we will do then is, I will admit it into evidence and then we will have pages 11 and 12 xeroxed, deleting those portions, blocking out those portions, starting with "Now what do you—

do you remember Germany pretty well" on page 11, and then ending with "do you love your dad" leave that line in on page 12. So we will have both pages available, if I decide to let the incident in, then we will substitute the ——

TC: Your Honor, at this point, I might inquire, may the Government publish that to the panel by way of reading? The Government would argue that in view of the fact that T, the witness in question, was basically—gave nothing but "no," "I don't remember" and "nothing" answers.

DC: Defense objects, Your Honor, it is documentary evidence, and documentary evidence is handed to the witnesses. Excuse me, to the court members. The court members will have adequate opportunity to read it inside the deliberation room. As far as what T said or didn't say, she was a government witness.

MJ: Okay, I'm going to overrule the defense objection, I will allow the trial counsel that opportunity.

Now, the question I have for trial counsel is, when do you want to do that?

TC: Your Honor, we would like to do it now, when the panel comes back in ——

MJ: But what I'm thinking about is do you have live witnesses and looking at the time?

TC: Tomorrow is fine.

MJ: I will allow you to read that to the members of the court at the close of your case.

TC: To clarify, Your Honor, should we go ahead and—should we wait until the [Mil.R.Evid.] 404 ruling to amend those certain portions ——

MJ: Well, now let's amend the portions at this stage, and if you think that the 404 material is admissible, that incident is admissible, then we will take it up at that point, and then you do that before you read it ——

TC: Yes, sir ——

MJ: So that you will have the whole ——

TC: Yes, sir ——

MJ: Document that you are going to read; okay. Anything further then to come before this out-of-court session?

DC: No, sir.

MJ: This out-of-court session is in recess.

(The Out–of–Court Hearing terminated at 1704 hours, 3 August 1988.)

At the close of the military judge's instructions on findings, defense counsel approached the bench, and a side bar conference was held. The following transpired:

### SIDE BAR CONFERENCE

(A Side Bar Conference was conducted at 1735 hours, 4 August 1988.)

MJ: The record should reflect present are counsel for both sides, the accused, military judge and microphone for the court reporter.

DC: The defense wishes to preserve for the record an objection in handing to the members [the verbatim transcript], the testimony of TS; believe that is giving unduly—she has already testified in court and it has been read to the court members. Permitting that testimony to come in, the testimony the defense would submit, being brought into the deliberation room is ——

MJ: Your objection is noted.

DC: Thank you.

(The Side Bar Conference terminated at 1736 hours, 4 August 1988.)

The Court of Military Review (32 MJ at 758–60) upheld the military judge's denial of the defense objection to the members' taking the transcript of the alleged victim's pretrial-investigation testimony into the deliberation room. It noted that such evidence was admissible under Mil.R.Evid. 801(d)(1)(A) as a prior inconsistent statement. It concluded that such evidence was

not subject to the military rule which precluded the taking of former testimony, depositions, and stipulations of expected testimony into the jury room. *See United States v. Jakaitis*, 10 USCMA 41, 27 CMR 115 (1958).

---

The particular question presented by this appeal is whether a transcript of the alleged victim's prior testimony at an Article 32 Investigation, properly admitted as evidence at this court-martial, should have been sent with the members to the deliberation room. *See generally* Standard 15–4.1, ABA *Standards for Criminal Justice, Trial by Jury* (2d ed. 1982 Supp.).[1] We note that the alleged victim at trial recanted her pretrial accusations and that the defense objected to the members' taking this pretrial transcript into the deliberation room. Accordingly, we must first identify the general rule of military law which controls what materials the members can take with them for use in their actual deliberations. *See generally United States v. Hurt*, 9 USCMA 735, 751, 27 CMR 3, 19 (1958).

Article 36, UCMJ, 10 USC § 836, states:

§ 836. Art. 36. President may prescribe rules

(a) Pretrial, *trial,* and post-trial *procedures, including modes of proof, for cases arising under this chapter triable in courts-martial,* military commissions and other military tribunals, and procedures for courts of inquiry, *may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts,* but

(b) Among the considerations the court should take into account in making this determination are:

(i) whether the material will aid the jury in proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury.

---

1. The standard states:

Standard 15–4.1. Materials to jury room

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, except depositions, and with the consent of both parties copies of instructions previously given.

which may not be contrary to or inconsistent with this chapter.

(b) All rules and regulations made under this article shall be uniform insofar as practicable and shall be reported to Congress.

(Emphasis added.)

Pursuant to this statute, the President promulgated the following procedure in the Rules for Courts–Martial, Manual, *supra:*

Rule 921. Deliberations and voting on findings

\* \* \*

(b) *Deliberations.* Deliberations properly include full and free discussion of the merits of the case. *Unless otherwise directed by the military judge, members may take with them in deliberations their notes, if any, any exhibits admitted in evidence, and any written instructions.* Members may request that the court-martial be reopened and that portions of the record be read to them or additional evidence introduced. The military judge may, in the exercise of discretion, grant such request.

(Emphasis in text added.)

■ This rule, however, must be placed in its proper context. Long ago in *United States v. Jakaitis,* 10 USCMA at 43–44, 27 CMR at 117–18, this Court expressly held that a deposition introduced as evidence at a court-martial "may not, in the strict sense of the word, be deemed an exhibit ...." for the purpose of submission to the members in their deliberations. Moreover, this restricted view of exhibits which can be phys-

ically taken by the jury into their deliberations exists in "almost all jurisdictions." Commentary to Standard 15–4.1, ABA Standards, *supra* at 15–117. *See also* 23A C.J.S. Criminal Law § 1374c at 301; 75B Am Jur 2d, Trial § 1671 at 452–55; *cf. 4 Orfield's Criminal Procedure under the Federal Rules* 26:533 at 231–33 (M. Rhodes 2d ed. 1987). Finally, the drafters of the Manual clearly indicated that depositions should not be given to the members for use in their deliberations. *See* RCM 702(a), Discussion.[2] Accordingly, RCM 921 should not be broadly construed to permit depositions to be taken by members into the deliberation room.

■ Of course, the challenged document in this case was not technically a deposition. Art. 49, UCMJ, 10 USC § 849. *See* RCM 702. Instead, it was a verbatim transcript of the alleged victim's testimony at an Article 32 Investigation. *See* RCM 405. However, we perceive no substantial difference between the two in this case. *See Thomas v. State,* 259 Ind. 537, 289 N.E.2d at 509; *cf. State v. Kraushaar,* 470 N.W.2d 509 (Minn.1991). Here the Article 32 testimony was given by the witness in person before a Pretrial Investigating Officer (*see* RCM 702(d) and (f)); under oath (RCM 702(g)(1)(B)); in the presence of the accused and his counsel and subject to their cross-examination (*see* RCM 702(g)(1)(A)); and was recorded verbatim (RCM 702(g)(3)). In fact, we note that the drafters of the Manual suggest that a pretrial investigating officer seek to record by deposition the testimony of a material witness

---

**2.** It states in pertinent part:

A deposition may be taken to preserve the testimony of a witness who is likely to be unavailable at the investigation under Article 32 (*see* RCM 405(g)) or at the time of trial (*see* RCM 703(b)). Part or all of a deposition, so far as otherwise admissible under the Military Rules of Evidence, may be used on the merits or on an interlocutory question as substantive evidence if the witness is unavailable under Mil.R.Evid. 804(g) except that a deposition may be admitted in a capital case only upon offer by the defense. *See* Mil.R.Evid. 804(b)(1). In any case, a deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the

deponent as a witness. *See* Mil.R.Evid. 613. If only a part of a deposition is offered in evidence by a party, an adverse party may require the proponent to offer all which is relevant to the part offered, and any party may offer other parts. *See* Mil.R.Evid. 106. *A deposition which is transcribed is ordinarily read to the court-martial by the party offering it. See also* subsection (g)(3) of this rule. *The transcript of a deposition may not be inspected by the members.* Objections may be made to testimony in a written deposition in the same way that they would be if the testimony were offered through the personal appearance of a witness.

(Emphasis added.)

who is not expected to be at trial. *See* RCM 405(h), Discussion.[3] In this light we conclude that a verbatim pretrial-investigation transcript was not an exhibit which RCM 921 would authorize the military judge to send to the members' deliberation room. *See* § 24–2c(1), Dept. of the Army Pamphlet 27–173, Trial Procedure at 145 (15 February 1987).[4]

■ Government counsel asserts that, in the absence of an express rule prohibiting presentation of an Article 32 transcript to the members for their deliberations, judicial discretion should be the standard. *See generally United States v. Hurt*, 9 USCMA at 751, 27 CMR at 19. *See also United States v. DeCoito*, 764 F.2d 690, 694–95 (9th Cir.1985); *cf. United States v. Jonnet*, 762 F.2d 16 (3d Cir.1985). He then argues that no abuse of that discretion occurred in this case because appellant had access to the transcript prior to trial, had an opportunity to cross-examine the witness at the earlier proceeding, and had notice this transcript would be introduced at his court-martial. These arguments were not presented to the military judge nor cited as his basis for summarily denying defense counsel's objection. Moreover, although they do establish the transcript's admissibility as evidence (*see* Mil.R.Evid. 801(d)(1) and 804(b)(1)), they have no bearing on whether the members might place undue emphasis on such evidence if taken into the deliberation room.[5]

■ Turning to the question of prejudice, we conclude that appellant was clearly harmed by the military judge's procedural error. Art. 59(a), UCMJ, 10 USC § 859(a). *See generally Ascherman v. State*, 580 N.E.2d 294 (Ind.App. 3 Dist.1991). The transcribed out-of-court testimony from the pretrial investigation was admitted not only for the purpose of impeaching the recanting victim (*see* Mil.R.Evid. 801(d)(1)(A)) but also as substantive evidence of appellant's guilt (*see* Mil.R.Evid. 804(b)(1)). Moreover, it was the only substantive evidence of appellant's guilt, for as trial counsel in his closing argument said, "[T]his is the

---

3. The deposition exception is impliedly endorsed by the drafters of the Manual in the discussion of RCM 702(a) and in RCM 702(g)(3). It is also impliedly extended to other forms of recorded testimony in RCM 811(f) ("written stipulation of expected testimony shall be read to the members ... but shall not be presented to them") and in Mil.R.Evid. 803(5) (recorded recollection: the memorandum or record "may be read into evidence, but may not itself be received as an exhibit unless offered by an adverse party").

4. Guidance offered by the Department of the Army on this issue supports our view.
   24–2. Matters which may be considered
   \*     \*     \*
   c. *Materials taken into the deliberation room.*
   (1) *Items admitted into evidence.* Because no item of evidence should receive undue emphasis, the determination to allow admitted exhibits in the deliberation room is a matter committed to the sound discretion of the military judge.[12] Depositions,[13] stipulations of expected testimony,[14] and writings used as past recollection recorded[15] may be read into evidence but may not be taken into the deliberation room.
   \*     \*     \*
   12 RCM 921(b); *United States v. Hurt*, 9 [US]CMA 735, 27 CMR 3 (1958).

13 *United States v. Jakaitis*, 10 [US]CMA 41, 27 CMR 115 (1958). The requirements of Mil.R.Evid. 804(b)(1) must be satisfied before a deposition may be read into evidence if the basis of admissibility is the unavailability of the declarant.

14 *United States v. Schmitt*, 25 CMR 822 (AFBR 1958).

15 Mil.R.Evid. 803(5).

5. The Court of Military Review held that the transcript could be taken into the deliberation room. It reasoned that such evidence admitted under Mil.R.Evid. 801(d)(1)(A) was not substitute testimony or the equivalent of testimony of a witness unavoidably absent from trial or otherwise unavailable within the meaning of *United States v. Jakaitis*, 10 USCMA 41, 27 CMR 115 (1958). However, this evidence was also admitted as former testimony under Mil.R.Evid. 804(b)(1) and could be used as substantive evidence of guilt. Accordingly, we view the distinction as one without meaning and find the "greater weight" theory of *Jakaitis* equally applicable to this type of documentary evidence recording prior testimony.

Government's case...." Finally, appellant and the alleged victim testified in this case, and both denied the charged offenses. Neither the alleged victim's nor appellant's trial testimony were before the members in such detailed and favored form during their deliberations. In a swearing contest such as this case, we conclude that prejudice from this error was substantial.[6] *See Thomas v. State,* 259 Ind. 537, 289 N.E.2d at 509–10; *cf. Heard v. State,* 169 Ga.App. 609, 314 S.E.2d 451, 452–53 (1984).

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges GIERKE and WISS concur.

COX, Judge (concurring in the result):

I agree that the "transcript was not an exhibit which RCM 921 would authorize the military judge to send to the members' deliberations room." 35 MJ at 276. I write only to note that I would also reverse on other grounds. *See United States v. Johnson,* 35 MJ 17 (CMA 1992).

CRAWFORD, Judge (concurring in part and in the result):

I concur in part and in the result. I believe the military judge erred in allowing the transcript of the victim's pretrial investigation testimony to be given to the court members for use during their deliberations because he also allowed the Government to publish part of the same transcript to the panel by reading it. I agree that appellant was prejudiced in this case because the victim's unrecanted testimony was before the members in a detailed, favored, and indeed duplicate form. The majority opinion applies a *per se* abuse-of-discretion standard when transcripts of pretrial-investigation testimony are given to court members for their use during deliberations. Contrariwise, many authorities apply an abuse-of-discretion standard based on the three factors set forth in Standard § 15–4.1(b), *ABA Standards for Criminal Justice, Trial by Jury* (2d ed. 1982 Supp.). *See, e.g., United States v. DeCoito,* 764 F.2d 690, 695 (9th Cir.1985); *State v. Kraushaar,* 470 N.W.2d 509, 514–16 (Minn. 1991); *Ascherman v. State,* 580 N.E.2d 294, 297 (Ind.App. 3 Dist.1991). The majority's footnote–6 standard is limited to its analysis of the harmless-error rule.

---

**6.** The taking of a properly admitted pretrial-investigation transcript into the deliberation room is not *per se* reversible error. Prejudice must be determined in view of the circumstances of each case. To this extent, military practice comports with Federal practice. *See United States v. Castillo,* 866 F.2d 1071, 1084 (9th Cir.1988).