*S. P. Oyler* and *D. W. Howe,* for appellee.

———o———

## SHORT *v.* WEST.

NEW TRIAL.—*Misconduct of Jury.*—That the finding of a jury should be reached without its members being exposed to improper influences is essential, in order to give any value to the verdict; and where, by reason of an irregularity on the part of the jury there can be no certainty that the verdict has not been improperly influenced, there should be a new trial.

SAME.—*Separation of Jury.*—Where the jury had retired to consider of their verdict, and, without the consent of the defendant or the permission of the court, about eleven o'clock at night, they agreed to return as a finding, that they agreed to disagree, and sealed up the same and disbanded (having informed the bailiff that they had agreed upon a finding and sealed it up, and the bailiff, acting in good faith, having permitted them to go to their homes); and they did not meet again until the hour of eight the next morning, when they destroyed the finding agreed upon, and brought into court a general and special verdict against the defendant;

*Held,* that a motion for a new trial by the defendant, assigning this misconduct of the jury for cause, should have been sustained.

APPEAL from the Lawrence Circuit Court.

RAY, C. J.—The appellee, plaintiff below, obtained a ver-

dict and, over a motion for a new trial, judgment was rendered in his favor. One of the grounds for a new trial was alleged misconduct on the part of the jury.

An affidavit was filed in support of the motion, by the appellant, stating that after the jury had retired to consider of their verdict, without the consent of the appellant or the permission of the court, about the hour of eleven o'clock at night they agreed to return as a finding, that they agreed to disagree, and they sealed up the same and disbanded, and did not meet again until the hour of eight o'clock the next morning, when they destroyed the finding agreed upon and brought into court a general and special verdict against the appellant.

The affidavit of the bailiff is also filed, stating that the jury informed him they had agreed upon a finding, and sealed the same up, and that, acting in good faith, he permitted them to return to their homes; that next morning two of the jurors called upon him at an early hour and demanded the key of the jury room, which he gave them, and about eight o'clock the jury reassembled, and at their request he furnished them with another envelope, which last envelope contained the verdict returned into court; and that from the statements of two of the jury, made to him while still separate, and the facts above stated, he believes the finding returned into court is not the same in effect as the one agreed upon before the jury disbanded. There is also another affidavit stating the admission of a juryman that a new verdict was agreed upon in the morning and returned into court.

In the case of *Commonwealth.* v. *Roby,* 12 Pick. 496, Chief Justice SHAW states the rule on that subject thus: "The result of the authorities is, that where there is an irregularity which may affect the impartiality of the proceedings, as where meat and drink or other refreshments have been furnished by a party, or where the jury have been exposed to the effect of such influence, as where they have improperly separated themselves, or have had communications not

authorized; there, inasmuch as there can be no certainty that the verdict has not been improperly influenced, the proper and appropriate mode of correction or relief is by undoing what is thus improperly and may have been corruptly done."

It was held in *Shepherd* v. *Baylor*, 2 South. 827, where the jury left the room forcibly and against the will of the constable, that a finding subsequently returned by them should be set aside.

The fact that the jury in this case resorted to deception to secure the consent of the bailiff having them in charge to their separation, does not relieve the case from the effect of the rule. Our statute states as a cause for a new trial, "misconduct of the jury or prevailing party." This case comes clearly within the letter of the law, and in its very nature is such that we cannot say the appellant has not been injured by the irregularity. We cannot, therefore, question that it comes also within the spirit of the statute.

That the finding of a jury should be reached without its members being exposed to improper influences, has been regarded as essential to give any value to the verdict. It seems important that this rule should not be relaxed.

The agreement to disagree was no verdict, and the jury themselves so treated it; and their resort to misrepresentation to secure their separation exposes them to not unreasonable suspicion.

The motion for a new trial should have been granted.

The judgment is reversed, at costs of appellee, and the cause remanded for a new trial.

*S. W. Short*, for appellant.

*E. D. Pearson* and *A. C. Voris*, for appellee.