## LOTZ v. BRIGGS.

BILL OF EXCEPTIONS.—*Extension, by Agreement, of Time of Filing.*—Where by a written agreement in the record, signed by the attorneys of both parties, the time for signing a bill of exceptions is extended to a certain day beyond the time fixed by the court for the filing thereof, and the bill is filed within the extended time, though not within that fixed by the court, it will constitute a part of the record.

RECOVERY OF REAL ESTATE.—*Possession Must be Unlawful.*—To sustain an action for the recovery of the possession of. real estate, it must be shown that the defendant keeps the plaintiff out of possession unlawfully. Therefore, when the action was for the recovery of a strip of ground eight and one-half inches wide off the side of the plaintiff's land, and it was shown that it was occupied by a party wall built by the defendant, which by agreement between the parties was to be twelve inches thick, one half on the land of each party, and that as to the other two and one-half inches taken, the plaintiff had recovered of the defendant a judgment for damages, there could be no recovery.

JURY.—*Taking Papers to Jury Room.*—It is error to permit the jury, over objection of a party, to take with them, upon their retirement to consider of their verdict, papers introduced in evidence constituting the record of another action.

From the Sullivan Circuit Court.

*S. Coulson* and *J. F. Allen*, for appellant.

*J. M. Allen*, *W. Mack*, and *J. W. Davis*, for appellee.

WORDEN, J.—Action by the appellant against the appellee, to recover possession of a strip of land, part of a town lot described.

Answer of general denial, trial by jury, verdict and judgment for the defendant, the plaintiff having unsuccessfully moved for a new trial.

We are not favored with any brief for the appellee, other than a short one, claiming that the bill of exceptions was not filed within the time limited by the court, and therefore should not be regarded as part of the record. On the merits there is no brief for the appellee.

The cause was disposed of March 4th, 1872, and sixty days were given in which to settle and file a bill of exceptions. The bill was filed September 10th, 1872. But there is a writ-

Lotz v. Briggs.

ten agreement in the record, signed by the attorneys of both parties, extending the time for signing the bill until November 1st, 1872. The bill, as will be seen, was filed within the extended time, and, in our opinion, should be regarded as part of the record. The agreement, as we infer, was indorsed upon the bill and filed with it. . The statute authorizes an attorney thus to bind his client. 2 G. & H. 328, sec. 772.

We proceed to the consideration of the questions arising in the case. The jury, in addition to the general verdict, returned the appended answers to the following questions propounded to them, viz.:

" 1. Is John Lotz, the plaintiff, the owner of twenty feet in width, and extending the full length of the lot north and south, off the east side of lot No. forty-five, in the town of Sullivan ? if not, how much of said lot does he own?

"Ans. Yes.

" 2. Has the defendant, Murray Briggs, taken possession of eight and a half inches in width and sixty-five feet back, off the east side of plaintiff's said lot, commencing at the street south and running north ? if not that much, how much, please state, and under what circumstances ?

"Ans. Yes, he has taken six inches under contract, and two and one-half inches for which he has got a judgment for damages.

" 3. Is the west wall of defendant's house eight and one-half inches in width and sixty-five feet in length, commencing at the street on the south of said lot and running north on the east side of plaintiff's said lot ? if not, how much of said (wall) is on said plaintiff's said lot?

"Ans. Yes.

"4. Was it agreed between plaintiff and defendant that the said wall of defendant's house should be built one-half on plaintiff's lot and one-half on defendant's lot, and that the same should be a thirteen-inch wall ?

"Ans. It was, but the wall was to be twelve inches.

" 5. How much of said wall is on plaintiff's land, and how much on defendant's ?

"Ans. Eight and one-half inches on plaintiff's land, and four and one-half inches on defendant's land."

The plaintiff moved for judgment in his favor on the answers to interrogatories, notwithstanding the general verdict, but this motion was overruled, and he excepted. This ruling is assigned for error.

The answers of the jury show that the plaintiff was the owner of the land sued for, but they do not, as we think, show that the defendant unlawfully kept him out of possession, a fact necessary to be alleged in the complaint. 2 G. & H. 282, sec. 595. The answers of the jury are, therefore, not inconsistent with the general verdict.

On the trial of the cause, the defendant gave in evidence the record of a former action between the same parties in the same court. As the jury were about to retire to consider of their verdict, they requested to be permitted to take the papers constituting the record thus given in evidence to their room, to determine the issue involved in that case. To this the plaintiff objected, but the court overruled the objection, and allowed the jury to take the papers to their room. Plaintiff excepted. This is assigned as one of the causes for a new trial.

This action of the court was erroneous, as was held by this court in the case of *Eden* v. *Lingenfelter,* 39 Ind. 19. See, also, *Cheek* v. *The State,* 35 Ind. 492.

Some questions are made as to the instructions of the court, but we pass them, inasmuch as we have no brief for the appellee, and as the judgment will have to be reversed for the reason already given.

The judgment below is reversed, with costs, and the cause remanded for a new trial.