No. 8563.

## TOOHY *v.* SARVIS.

NEW TRIAL.—*Misconduct of Jury.—Irregularity.— Verdict.—Evidence.—Practice.*—It is irregularity amounting to misconduct on the part of the jury, and good cause for a new trial, that a letter of the losing party, which was attached to a deposition of the prevailing party, and read in evidence, fell into the hands of the jury, with other papers in the cause, although inadvertently, and was read aloud and commented upon by one of the jurors while they were deliberating, and was returned into court with their verdict and the other papers.

SUPREME COURT.—*Evidence.— Verdict.*—The Supreme Court will not disturb a verdict because the evidence is conflicting, if there is any tending to sustain it.

From the Ohio Circuit Court.

*J. B. Coles,* for appellant.

*A. C. Downey,* for appellee.

NIBLACK, J.—Suit by William H. Sarvis against John Toohy, upon a complaint in two paragraphs.

The first paragraph was upon a bill of exchange drawn by the plaintiff in his own favor upon, and accepted by, the defendant. The second was upon an open account. There was an answer in several paragraphs, and issue joined. Verdict for the plaintiff; new trial refused and judgment on the verdict against the defendant.

The questions discussed by counsel are only such as arose upon the motion for a new trial.

It is contended that the verdict was not sustained by sufficient evidence, and that the jury were guilty of misconduct in having with them at their room, while deliberating upon their verdict, certain papers in the cause, including some depositions and other papers, which had been read in evidence to the jury on behalf of the plaintiff.

The evidence was irreconcilably conflicting, but there was evidence tending to sustain a verdict for the plaintiff for a sum larger than the amount named in the verdict which was returned by the jury.

Toohy v. Sarvis.

We can not therefore disturb the verdict upon the evidence.

As bearing upon the alleged misconduct of the jury, the affidavits of the bailiff to the jury and clerk of the court, filed in connection with the motion for a new trial, substantially establish the following facts:

That after the trial had been concluded and the cause given to the jury, the court adjourned, and, by consent of parties, the jury, attended by their bailiff, were left in possession of the court room; that the papers in the cause, consisting of the complaint, a demurrer, the answer, the reply, a motion to suppress depositions, the summons, and the depositions of one Fletcher and of the plaintiff, with certain letters from the defendant to the plaintiff attached, were inadvertently left on one of the tables in the court room which had been used at the trial; that these papers fell into the hands of the jury while they were deliberating upon their verdict; that, while the jury were so deliberating, one of the jurors read aloud one of the letters attached to one of the depositions, and which had been read in the cause, and commented upon the same to the jury; that, after the jury had agreed upon a verdict, they returned the papers in the cause into court with their verdict.

The question for decision is, Did these facts constitute such misconduct on the part of the jury as vitiated their verdict and made it incumbent on the court to grant a new trial?

It has been said, upon what seems to us to be good authority, that, where there has been an irregularity which may have affected the impartiality of the proceedings before a jury, such as an improper separation of the jurors, or as having had unauthorized communications, or as having had papers before them bearing upon the matters in controversy without the permission of the court, a new trial ought to be granted, so as to undo whatever wrong, if any, which may have been inflicted.

In the case of Hix v. Drury, 5 Pick. 296, the court, in referring to irregularities which may, or which may not, vitiate the verdict of a jury, said: "So where a paper which is

capable of influencing the jury on the side of the prevailing party, goes to the jury by accident, and is read by them, the verdict will be set aside, although the jury may think that they were not influenced by such paper, for it is impossible for them to say what effect it may have had on their minds." *Short v. West,* 30 Ind. 367; 1 Graham & Waterman New Trials, 73; *Lotz v. Briggs,* 50 Ind. 346.

The irregularity complained of in this case amounted to what must be held to have been misconduct on the part of the jury, and, in the light of the authorities cited, ought to have been treated as a good cause for a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.