ARTHUR JAMES THOMAS *v*. STATE OF INDIANA.

[No. 271S52. Filed November 29, 1972.
Rehearing denied February 8, 1973.]

*Howard S. Grimm, Jr., Grimm & Grimm,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Arthur James Thomas, appellant (defendant below), from a conviction for first degree murder. Appellant was indicted on December 30, 1969, and a subsequent jury trial resulted in a verdict of guilty. A motion to correct errors, filed by appellant, was overruled and this appeal followed.

Appellant raises several allegations of error, only one of which will be discussed below. That is whether the trial court erroneously permitted certain statements of a State's witness, which were submitted as exhibits, to be taken to the jury room during deliberations. The submission of the statements into evidence arose when the witness allegedly surprised the State by telling a different story on the stand than the State expected. He testified at the trial that appellant did *not* kill the decedent but that it was committed by another person whom he named. He gave substantially the same testimony under oath at the bail bond hearing prior to the trial. However, while not under oath, the witness had given two statements to the police which indicated that appellant was the killer. These statements were submitted into evidence and read to the jury as prior inconsistent statements in order to impeach the credibility of the witness. The statements were not admitted for the truth of the matter contained therein. At the conclusion of the trial, the State requested that the

jury be permitted to take the exhibits with them into the jury room during their deliberations and the trial court granted the request. Appellant objected to allowing the out-of-court statements of the witness to be taken but the court overruled the objection.

What little case law we have on this subject indicates that it would be erroneous to permit such statements to be taken to the jury room during deliberations. *Toohy* v. *Sarvis* (1881), 78 Ind. 474; *Nichols* v. *State* (1879), 65 Ind. 512; *Lotz* v. *Briggs* (1875), 50 Ind. 346. These cases have led to the statement:

> "It is settled law in this state that it is error to permit, over the objections of the opposite party, items of documentary evidence to be taken to their consultation room by the jury. . . . Such evidence read after the trial is concluded and the jury has retired could hardly fail to have an influence out of all proportion to its relative value as compared with other evidence not presented at that time nor in written or printed form. . . ." 1 EWBANKS INDIANA CRIMINAL LAW at 319 (Symmes Ed. 1956).

Although the cases cited are old, the principle they espouse is still valid. In most jurisdictions, depositions are not permitted in the jury room for the reason that undue influence would most likely be placed on that particular testimony. See 5 BUSCH, LAW AND TRIAL TACTICS IN JURY TRIALS § 723 (1963). This same theory logically applies to most kinds of documentary evidence. The ALI Model Code of Evidence (1942), Rule 105, clause (m) places in the trial judge's discretion whether or not an exhibit which has been received in evidence shall be available to the jury after its retirement to deliberate upon the verdict. However, the comments to clause (m) state in part:

> "An exhibit consisting of a writing which contains prior statements of a witness or the contents of his testimony or similar matter will not usually be sent to the jury room. To put such a writing where the jury could study it at their leisure would be to invite them to give undue weight to a portion of the evidence."

The best rule is found in § 5.1 of the Standards Relating to Trial by Jury (American Bar Association Project on Standards for Criminal Justice):

"5.1   Materials to jury room.

(a)  The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, *except depositions.*

(b)  Among the considerations which are appropriate in the exercise of this discretion are:

(i)  whether the material will aid the jury in a proper consideration of the case;

(ii)  whether any party will be unduly prejudiced by submission of the material; and

(iii)  whether the material may be subjected to improper use by the jury." (our emphasis).

Since the statements of the witness in this case were very similar to a deposition, it was improper to permit them to go to the jury room during deliberations.  In addition, permitting it in this instance, violated all three of the considerations for the judge's discretion contained in the ABA rule, *supra.*  First, the statements would be of little aid to the jury since they were not submitted for the truth of the matters contained therein.  The material could be subjected to improper use by the jury in two ways: the jury might consider the statements for the truth of the contents and also give it undue influence.

Such action was also highly prejudicial to appellant.  The testimony was very conflicting.  One prosecuting witness testified that appellant committed the murder while the prosecuting witness impeached by the statements in question testified that he did not.  A witness for the defense testified that appellant did not commit the crime as did appellant, himself.  With such conflict in the testimony, and the fact that the only written statements available to the jury during deliberations were

those incriminating appellant, it seems inevitable that these statements would be given undue weight, and the risk is high that they would be considered for the truth of the statements rather than as merely impeachment. Such could easily have tipped the scales against appellant. For these reasons we must hold that permitting these statements to be used by the jury during their deliberations was prejudicial to appellant and not harmless error.

We adopt the ABA rule stated above to guide judges in deciding which materials should be permitted in the jury room during deliberations. We also hold that permitting writings containing prior statements of a witness to go to the jury room is an abuse of discretion. Based on the principles stated above, we hold that the trial judge in the case at bar exceeded his judicial discretion to the prejudice of appellant by permitting the prior inconsistent statements of a State's witness, which were accepted into evidence for impeachment only, to go to the jury room during jury deliberation over appellant's objection.

For the reasons stated above, we reverse this cause and remand for a new trial.

Judgment reversed.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C.J., dissents with opinion.

### DISSENTING OPINION

ARTERBURN, C.J.—I do not think we should be too restrictive or concerned with what the jury receives in the jury room for consideration, during its deliberations, so long as it is competent evidence. The fear that one part of evidence will be overly emphasized is more than counterbalanced by the fact that the memory of the jurymen may not be sufficient to retain details as to exhibits or testimony. Why should a juryman be required to rely upon memory, which can be erroneous

and which can be corrected by the actual facts. We are seeking the truth after all.

I would affirm the judgment.

NOTE.—Reported in 289 N. E. 2d 508.