BURT S. ANDERSON, DENNIS D. SEAMAN *v.* STATE OF INDIANA.

[No. 2-975A255. Filed March 30, 1977.]

*Donald G. Fern,* of Peru, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendants-appellants, Burt S. Anderson and Dennis D. Seaman (Anderson and Seaman), were charged with having committed the crimes of robbery[1] and committing a felony while armed with a deadly weapon.[2] A jury found Anderson and Seaman guilty of committing a felony while armed with a deadly weapon. From the denial of their motion to correct errors this appeal was perfected.

Anderson and Seaman contend, *inter-alia*, that the trial court erred in permitting their mug shots to be taken and viewed by the jury during their deliberations. These mug shots were of the standard type consisting of a front and side view together with booking information found on the front and back thereof. There was no effort made to conceal this printed information from the jury.

In *Thomas* v. *State* (1972), 259 Ind. 537, 289 N.E.2d 508, our Indiana Supreme Court adopted the standards set forth by the American Bar Association on the permissibility of allowing the jury to have in their possession during their deliberations exhibits and writings which have been properly introduced into evidence. In *Thomas, supra,* at p. 509 it was said:

"[1, 2]  The best rule is found in § 5.1 of the Standards Relating to Trial by Jury (American Bar Association Project on Standards for Criminal Justice) :
'5.1  Materials to jury room.
    (a)  The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, *except depositions*.
    (b)  Among the considerations which are appropriate in the exercise of this discretion are:

1.  IC 1971, 35-13-4-6 (Burns Code Ed.).
2.  IC 1971, 35-12-1-1 (Burns Code Ed.).

(i)   whether the material will aid the jury in a proper consideration of the case;

(ii)   whether any party will be unduly prejudiced by submission of the material; and

(iii)   whether the material may be subjected to improper use by the jury.' " (Original emphasis)

Applying these guidelines to the facts in the case at bar we are convinced that the trial court abused its discretion.

As to point (b) (i), it is difficult to imagine how the jury could have been assisted by having Anderson's and Seaman's mug shots in their possession during their deliberations. State's witness Orpurt identified both Anderson and Seaman on direct examination as the perpetrators of the robbery. Orpurt's in-court identification of the defendants was challenged on cross examination by defense counsel's references to a pre-trial photographic display in an effort to taint Orpurt's in-court identification. However, Orpurt's identification of Anderson and Seaman was rehabilitated when the State on redirect examination had Orpurt again identify the disputed pre-trial mug shots of Anderson and Seaman. Also, it should be noted that the jury at this point in the trial had an opportunity to view the mug shots.

As to point (b) (ii), mug shots of the type we have in the case at bar are extremely prejudicial. In *Blue* v. *State* (1968), 250 Ind. 249, 235 N.E.2d 471, at p. 474 it was said:

".  .  .  It is hardly an unreasonable assumption to make, that the jurors would know that these photos were taken incidental to an arrest or prison term and would not make the minute distinction as to *when* they were taken. They could readily assume that the subject depicted had a criminal record. These photographs are highly prejudicial upon sight and may very easily create an unfavorable automatic reaction in a juror's mind without further investigation by him.

"It should also be noted that where the witness positively identifies the defendant in the Court room as the felon; 'mug shots' introduced as evidence going to identification are irrelevant, and of no probative value, as well as an en-

cumbrance on the record. . . ." (Original emphasis) (Citations omitted)

As to point (b) (iii), the jury could have subjected the mug shots to the improper use of speculating therefrom that Anderson and Seaman had a long criminal history. This would be particularly true in the case of defendant Seaman. For example, the Peru Police knew Seaman well enough to list his alias on the back of his mug shot as "Gypsy-Denny."

Therefore, it is the opinion of this court that because of the limited utility to be derived by the jury in viewing defendant's mug shots during their deliberations, the highly prejudicial nature of the mug shots, compounded when permitted in the jury room for the jurors close scrutiny, and the possibility that the mug shots could have been subjected to an improper use by the jury, the trial court abused its discretion and committed reversible error in permitting the defendant's mug shots to be taken into the jury room.

Judgment reversed and remanded.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 361 N.E.2d 594.