Clarence Paul LONG, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1180S409.

Supreme Court of Indiana.

June 26, 1981.

Bruce W. Graham, Public Defender, Tippecanoe County, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Clarence Paul Long, Jr., was convicted by a jury of two counts of robbery resulting in bodily injury, class A felonies, Ind. Code § 35–42–5–1 (Burns 1979 Repl.), and one count of criminal confinement, while armed with a deadly weapon, a class B felony, Ind. Code § 35–42–3–3 (Burns 1979 Repl.). He was sentenced to twenty years on each of the first two counts and to six years on the third count, all sentences to run concurrently. His direct appeal presents the following issues:

1. Whether the trial court erred in admitting defendant's confessions;

2. Whether the trial court erred in refusing one of defendant's tendered instructions;

3. Whether the trial court erred by allowing the jury to review all the exhibits after deliberations had begun; and

4. Whether the trial court erred in failing to sentence defendant within thirty days of his conviction.

A brief summary of the facts most favorable to the state shows that defendant and a friend got into a fight with one victim, James Parker. They took Parker's wallet containing ten dollars in cash and a two-hundred dollar check. Parker testified that defendant hit him with a stick and a beer bottle and held a knife to his throat, threatening to kill him. Parker finally was able to escape after being cut on the hand and beaten severely on the head and face.

The second victim, Steven Patch, was returning home after midnight when an old Pontiac forced his car off the road. Patch identified defendant as one of the two men in the old Pontiac. The men forced Patch into the trunk of his own car and then drove both cars to another location. There Patch was taken from the trunk, beaten, and robbed of his wallet and watch. He was left after several additional beatings with his hands tied with wire behind his back.

I.

Defendant first contends that the trial court erroneously overruled his motion to suppress and admitted his confessions into evidence. He asserts that his statements were not voluntary because they were given as the result of implied and direct promises.

It is well settled that the question of the admissibility of a statement or confession is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Schutz v. State,* (1981) Ind., 413 N.E.2d 913; *Love v. State,* (1980) Ind., 400 N.E.2d 1371; *Arch v. State,* (1978) 269 Ind. 450, 381 N.E.2d 465. The question of voluntariness is one for the trial court. We review the question on

appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. *Schutz v. State, supra; Johnson v. State*, (1978) 269 Ind. 370, 380 N.E.2d 1236.

In the instant case, defendant was arrested at 5:30 p. m. on November 2, 1979. He was eighteen years old. He was read his *Miranda* rights at the time of his arrest and again when he was processed at the jail. Defendant signed his name indicating that he understood his rights and waived them and signed again indicating that he wanted to talk. A brief interrogation followed in which defendant denied any connection with the crimes. He agreed to submit to a polygraph examination, then he requested an attorney. The interrogation immediately ceased at that point. During that evening's questioning, no promises were made to defendant, although one officer did say it couldn't hurt him to make a statement. The next day, defendant was arraigned in court and an attorney was appointed. At the request of defendant's mother, another policeman, Officer Loy, visited defendant four days later on November 6, 1979. Loy was a personal friend of defendant and his family. He talked to defendant about the case and told him that the police had an eyewitness and a positive identification. Loy specifically advised defendant that he could make no promises to him and that if defendant chose to make a statement it could be used in court. Loy also advised defendant that "he should try to put his best foot forward in order to try to get his life together." After talking to Loy a few minutes, defendant said he wanted to make a statement.

Defendant was read the advice of rights form and signed the waiver. He specifically stated he did not want his attorney to be present. He made two statements which were transcribed by a typist and read and signed by defendant. No threats or promises were made to defendant during this time.

■ It is clear that a confession is inadmissible if obtained by a promise of immunity or mitigation of punishment. *Ashby v. State*, (1976) 265 Ind. 316, 354 N.E.2d 192. However, it is also clear that vague and indefinite statements by the police such as "seeing what they could do for him" or it would "be in his best interest to tell the real story" are not sufficient inducements to render a subsequent confession inadmissible. *Schutz v. State, supra; Turpin v. State*, (1980) Ind. 400 N.E.2d 1119. Here, defendant was not subjected to any lengthy interrogations and there is no evidence of any physical abuse or coercive action by the police which logically would have misled defendant or overborne his will in regard to his voluntary statements. The evidence shows that defendant was well aware of his rights including his right to an attorney during any questioning and that he knowingly waived these rights. There was substantial evidence to support the trial court's finding of the voluntariness of defendant's confessions and they were properly admitted.

## II.

■ Defendant next alleges that the trial court erred in refusing one of his tendered instructions concerning the state's burden of proving beyond a reasonable doubt that his confessions were voluntary. However, it is clear that our statute requires the court to determine the issue of the voluntariness of the confessions out of the presence of the jury. Ind. Code § 35–5–5–1 (Burns 1979 Repl.).

■ The trial court followed the correct procedure in this case by determining out of the presence of the jury that defendant's confession was voluntary. The court then admitted the confession in evidence, permitted the jury to hear relevant evidence on the issue of voluntariness and gave the following instruction to the jury:

"You have before you evidence that the defendant made confessions relating to the crimes charged in the Information.

"It is for you to determine whether the defendant made the confessions, and if

so, what weight should be given the confessions. In determining the weight to be given to the confessions, you should consider all the circumstances under which they were made."

This instruction is a correct statement of the law and was correctly given. *Battle v. State*, (1981) Ind., 415 N.E.2d 39; *Jones v. State*, (1977) 266 Ind. 349, 363 N.E.2d 959.

 Defendant's refused instruction dealt with the burden of proof the state must meet in establishing that a confession was voluntary. Since this was an issue for the court and not for the jury, the instruction was properly refused. The jury was properly instructed by the court on this issue and there was no error here.

### III.

Defendant next asserts that the trial court erred in allowing the jury to view the exhibits again after deliberations had begun. It is defendant's contention that the second viewing of certain exhibits, such as his confessions, gave them undue weight and unduly prejudiced him since he had entered no defense exhibits. It is unnecessary for this Court to speculate upon the possible advantages or disadvantages of allowing the jury to review evidence. The procedure is clearly provided for by statute and case law. Ind. Code § 34–1–21–6 (Burns 1973); *Harris v. State*, (1978) 269 Ind. 672, 382 N.E.2d 913.

Defendant cites *Thomas v. State*, (1972) 259 Ind. 537, 289 N.E.2d 508, in support of his claim but that case is not relevant as it involved a situation where the jury was allowed to take impeaching written statements into the jury room. Here, all the exhibits were reviewed in open court with both parties present and no undue emphasis was placed upon any particular exhibit. We find no error here.

### IV.

Defendant's final specification of error is that the trial court erred by sentencing him on the thirty-sixth day after his conviction rather than within the thirty-day period provided for by Ind.R.Crim.P. 11. We find no merit to this contention after a consideration of the relevant time periods involved.

Here, the verdicts of guilty were rendered on April 24, 1980, and the court ordered a presentence report prepared. The report was filed on May 23, 1980, the twenty-ninth day after defendant's convictions. The court then set the sentencing for May 30, 1980. Since the court needed a reasonable time in which to consider the presentence report, we find that this was good cause for the six-day delay. Courts should be prompt in pronouncing sentence after a finding or verdict of guilty but the court need not show exact compliance where the defendant or the court needs additional time to complete procedural steps mandated by statute or the practice of the court. *McLaughlin v. State*, (1934) 207 Ind. 484, 192 N.E. 753; *Taylor v. State*, (1976) 171 Ind.App. 476, 358 N.E.2d 167; *Alford v. State*, (1973) 155 Ind.App. 592, 294 N.E.2d 168.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.