James Arnold **SMITH**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 881S218.

Supreme Court of Indiana.

July 28, 1982.

Robert E. Stochel, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The defendant-appellant was convicted of one count of murder in the first degree and one count of murder in the perpetration of a robbery and was sentenced to imprisonment for life. The trial court entered judgment upon the verdict of guilty of murder in the perpetration of a robbery. This appeal follows the denial of a motion to correct error and raises the following issues:

(1) Whether the trial court committed reversible error in denying the defendant's motion to suppress his out-of-court statement.

(2) Whether the trial court abused its discretion when it permitted the jury, during deliberations, to view the same out-of-court statement.

## I.

The defendant argues that an inculpatory statement which he gave to the police approximately fourteen months after the robbery and murder for which he was later convicted, should have been suppressed because he was not mentally competent to waive his constitutional rights to remain silent and to have an attorney present. The trial court denied a pre-trial motion, and overruled a defense objection made during the trial to the admission of the statement.

■■■ A trial court's finding that a confession is admissible must be supported by substantial probative evidence. *Tyson v. State*, (1979) Ind., 386 N.E.2d 1185. The State has the burden of proving that a confession was given voluntarily after a voluntary, knowing, and intelligent waiver of the right to counsel and of the privilege against self-incrimination. *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188.

The defendant argues that there was an "almost total lack of evidence" to support the admissibility of the inculpatory statement and that the only substantial evidence supported suppression of the statement because it showed that his mental condition when he gave it precluded him from fully understanding the rights he was giving up.

The hearings on the motion to suppress produced conflicting evidence.

Dr. Frank Hogle, a psychiatrist, testified that he examined the defendant a month after he gave the inculpatory statement and concluded that he was not incompetent to stand trial and was probably insane both at the time of the murder (July 28, 1973) and at the time of the statement (October 17, 1974). Dr. Peter Gutierrez, a physician who is not a psychiatrist, also examined the defendant a month after he gave the inculpatory statement and concluded that the defendant was not able to comprehend the charges against him, but was not psychotic at the time he made the statement, and understood what he was saying and the rights he was relinquishing. Officer Townsell, one of the two police officers to whom the defendant gave the statement, testified that the defendant came to the Gary Police Department on his own initiative approximately fourteen months after the robbery and murder and discussed the incident. Townsell testified further that on three occasions, the defendant signed a waiver of rights form and made statements about the crimes, the third statement being the one at issue. Townsell testified that on each occasion the defendant appeared to be lucid, carried on a conversation, responded appropriately to questions, and appeared to know where he was.

■ The trial also produced conflicting evidence on the question of the defendant's mental condition when he signed the waiver of rights form and made the statement. Dr. Hogle testified as a defense witness, stating his opinion that, based on his finding that the defendant had been incompetent to stand trial, it was reasonable to assume that the defendant was psychotic at the time he gave his statements to the police. Officer Townsell testified that no threats were made to the defendant, that the defendant gave information about an unrelated crime that proved to be accurate, that the defendant was calm when he made the statement, and that the defendant said that he planned an action for which he would be sent to an insane asylum so that he would never go to prison. We find from this evidence that the State satisfied its burden of proof and that there was sufficient evidence to support the trial court's ruling on the admissibility of the inculpatory statement.

## II.

After the jurors were charged and began deliberations, they requested a copy of Exhibit 12, the defendant's inculpatory statement. Over defense objection, the court permitted the jurors to have a redacted copy. The defendant argues that this decision was an abuse of discretion requiring reversal. In *Thomas v. State*, (1972) 259 Ind. 537, 289 N.E.2d 508, this Court adopted § 5.1 of the Standards Relating to Trial by Jury (A.B.A. Project on Standards for Criminal Justice) which provides:

"5.1  Materials to jury room.

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, except depositions.

(b) Among the considerations which are appropriate in the exercise of this discretion are:

(i) whether the material will aid the jury in a proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury."

The Court reversed the conviction in *Thomas* because the statements the jury was allowed to view were similar to depositions, were of little use because they had been admitted for impeachment purposes only, were unduly prejudicial in light of the "very conflicting" evidence in the case, and were subject to improper use by the jury in light of their limited admissibility. The defendant argues that the only evidence to support his conviction was his inculpatory statement, and that it therefore takes on special significance. Since the statement at issue was one of three that he gave, and the only inculpatory one, and since they were all inconsistent with each other, he argues that the court overemphasized its importance and therefore unduly prejudiced him. The other two statements were not offered in evidence.

In a recent case we found no reversible error when a trial court allowed a defendant's transcribed confession to be taken into the jury room during deliberations. In *Jackson v. State*, (1980) Ind., 411 N.E.2d 609, 613, Justice Prentice wrote for the Court:

"That the defendant gave the statement was not disputed. Rather, the issue was its voluntariness, i.e., whether or not he was competent at the time it was given. . . . [Whether it was the product of a rational mind] was a question for the jury

to determine, and having the statement for reexamination might well have been helpful in arriving at the final determination upon that issue."

The trial court in this case properly instructed the jury on its consideration of the confession:

"There has been introduced in evidence in this cause, a writing which purports to be a voluntary confession of the accused. A confession, if made voluntarily by the accused and without any promises or inducements, is competent evidence against him. But it is for you to determine, under all of the circumstances in this case, whether said confession was voluntary or otherwise. A confession obtained by duress, threats, violence and threats of future violence cannot be considered voluntary, and if you find from the evidence in this cause that the purported confession of the accused was obtained by abuse, threats, duress or violence, then such confession was not voluntary, and cannot be considered by you as any evidence against the defendant. However, if you find it to be voluntary, you should give it such weight as you feel it deserves under all of the circumstances."

The defendant did not introduce the two other statements, and did not interpose the defense of insanity. The trial court did not abuse its discretion in permitting the jury to examine the statement. The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.