DUKE'S GMC, INC., Appellant (Defendant Below),

v.

Gary ERSKINE, Appellee (Plaintiff Below).

No. 4–782A226.

Court of Appeals of Indiana, Third District.

April 18, 1983.

Rehearing Denied May 27, 1983.

Hugh Watson, David Elliott Jose, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellant.

William F. McNagny, Gary J. Rickner, John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

This action was brought by Gary Erskine to recover damages for the loss of sight in one eye due to an accident which occurred while playing golf on June 9, 1973, at the Anderson Country Club. Erskine was struck by a golf ball hit by Myron W. Paugh who was playing in a foursome behind him.

The original action named as defendants the Anderson Country Club, Myron W. Paugh, and Duke's GMC, Inc. Paugh was the president of Duke's GMC, Inc., and the corporation paid his dues at the Anderson Country Club since part of his duties consisted of making contacts there in furtherance of the corporation's business. Prior to trial, Erskine received $7,500 from the Anderson Country Club, and the Club was dismissed from the litigation. Subsequently, Erskine and Paugh entered into a loan agreement wherein Paugh loaned Erskine $52,500 which was repayable only in the event Erskine recovered over $300,000 from Duke's GMC, Inc. As consideration for the loan, Erskine dismissed Paugh, without prejudice, from the litigation.

The case went to trial and resulted in a jury verdict in favor of Duke's GMC, Inc., and against Erskine. Thereafter, Erskine appealed, and this Court reversed the judgment and remanded the cause for a new trial. *Erskine v. Duke's GMC, Inc.* (1980), Ind.App., 413 N.E.2d 305.

The second jury trial resulted in a verdict in favor of Erskine and against Duke's GMC, Inc., in the amount of $150,000. From this judgment, Duke's GMC, Inc., has appealed and places this action once again before this Court. In so doing, it raises the following issues:

(1) whether the trial court erred in permitting the loan agreement into evidence in its entirety;

(2) whether the trial court erred in permitting the exhibits to be taken into the jury room;

(3) whether the trial court erred in refusing Duke's GMC, Inc.'s tendered instruction on its defense of full and partial satisfaction; and

(4) whether the trial court erred in giving Erskine's tendered Instruction Nos. 1, 5, 9, and 10.

■ Duke's GMC, Inc., first argues that the trial court erred in admitting the loan receipt agreement in toto. However, the objections clearly state that it had no objection to the relevant portions of the agreement being admitted. Duke's GMC, Inc., objected only to certain "irrelevant, hearsay, and prejudicial" portions and therefore, waived any error with regard to any other portions. Therefore, the only proper issue is whether the trial court erred in refusing to edit the agreement before admitting it into evidence.[1]

Specifically, Duke's GMC, Inc.'s complaint concerns references to its liability insurance company which were contained in the agreement. Duke's GMC, Inc., correctly cites Indiana case law which frowns on the admission of insurance evidence.

■ Generally, any evidence or remarks about liability insurance in a negligence case is inadmissible. *Pickett v. Kolb* (1968), 250 Ind. 449, 237 N.E.2d 105; *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148; *Wiles v. Mahan* (1980) Ind.App., 405 N.E.2d 591. However, this principle may not be expanded to the extent that it serves as a means of excluding otherwise competent evidence which is relevant to the issues involved in the trial. There are issues which arise and occasions when such evidence is admissible. *Pickett, supra; Clouse, supra; Wiles, supra; Gardner v. Lake Eliza Resort* (1979), Ind.App., 390 N.E.2d 666. Not all mentions of insurance constitute reversible error. *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114.

■ Normally, when inadmissible evidence of insurance coverage is interjected into a trial, the trial court may withdraw the case from the jury or admonish the jury. *Clouse, supra; Gardner, supra.* It is within the trial court's discretion to do so.

1. Duke's GMC, Inc., also raised this issue with-   in Issue No. 1.

*Herman v. Ferrell* (1971), 150 Ind.App. 384, 276 N.E.2d 858. However, if the trial court does not admonish the jury regarding the interjection of insurance and an admonition is deemed necessary by the injured party, then an instruction should be tendered. *Garnder, supra; Herman, supra.*

■ While it may have been preferable for the trial court to have edited the loan receipt agreement before admitting it into evidence, the record discloses that Duke's GMC, Inc., has failed to preserve any error for appeal with regard to the insurance references.

The objections made by Duke's GMC, Inc., are general in that they never state they are objecting to references made to insurance which appear in the agreement. When the objection gets specific at one point, listing certain lines and paragraphs to which they are objecting, some references to the insurance company are not contained in the list of objectionable lines and paragraphs. *See Walczewski v. Wright* (1979), Ind.App., 393 N.E.2d 228. The general objections preserve no error for review, *Ind. Tri-City Plaza Bowl v. Estate of Glueck* (1981), Ind.App., 422 N.E.2d 670, and any error in the admission of evidence is harmless if the same or similar evidence is submitted without objection. *Barrow v. Talbott* (1981), Ind.App., 417 N.E.2d 917.

The record also discloses no motion for a mistrial, no request for an admonition, and no instruction tendered on the subject by Duke's GMC, Inc.[2] For all of these reasons, any error from the admission of the loan receipt agreement containing references to the insurance company must be deemed waived.

Duke's GMC, Inc., also contends that the trial court erred in permitting the exhibits, including the loan receipt agreement, to be taken into the jury room by the jury. It argues that this compounded the earlier alleged error by placing undue weight on the agreement resulting in increased prejudice.

■ The Supreme Court of Indiana, in the case of *Thomas v. State* (1972), 259 Ind. 537, 289 N.E.2d 508, adopted the American Bar Association standard concerning materials that may be taken to the jury room. This was done in order to guide judges in deciding which materials should be permitted in the jury room during deliberations.

"The best rule is found in § 5.1 of the Standards Relating to Trial by Jury (American Bar Association Project on Standards for Criminal Justice):

'5.1 Materials to jury room.

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, *except depositions.*

(b) Among the considerations which are appropriate in the exercise of this discretion are:

(i) whether the material will aid the jury in a proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury.' (our emphasis)."

259 Ind. at 540, 289 N.E.2d at 509.

In essence, it is within the trial court's sound discretion to determine whether to permit the taking of documentary evidence or exhibits, other than depositions, into the jury room. *Barker v. Cole* (1979), Ind.App., 396 N.E.2d 964.

■ The loan receipt agreement may well have aided the jury since the introduction of the entire scenario surrounding the agreement was somewhat confusing. Duke's GMC, Inc., has demonstrated no abuse of discretion by the trial court in permitting the exhibits to be taken to the jury room, and thus, no error.

---

**2.** We realize that in most instances interjections of insurance evidence come from the mouths of witnesses, and in the instant cause they were contained in a document; however, this does not change Duke's GMC, Inc.'s duty to preserve any alleged error.

Next, Duke's GMC, Inc., alleges the trial court erred in refusing its tendered instruction on the defense of full or partial satisfaction. The tendered instruction read as follows:

"INSTRUCTION NO. 6

The plaintiff received $60,000 from or for Anderson Country Club and Myron Paugh for the same occurrence for which plaintiff sues here.

Plaintiff is entitled to only one satisfaction of his claim.

If you find that under all of the issues and evidence in this case plaintiff's claim was satisfied by his receipt of such payments, then any and all others including defendant Duke's GMC, Inc. are discharged from any liability and in such event your verdict in this case must be for the defendant.

If you find that plaintiff should recover in this case and that his receipt of such payments did not satisfy his claim, then in determining the amount of your verdict for plaintiff you must consider to what extent, if any, plaintiff has received partial satisfaction of his claim. [*Bedwell v. Debolt*, 221 Ind. 600, 609, 50 N.E.2d 875 (1943)]"

*Record* at 220.

Duke's GMC, Inc., argues that it was entitled to such an instruction on its theory of the case, since it pleaded full or partial payment as a defense to the action.

██ In reviewing a trial court's refusal of tendered instructions, an appellate court must determine: 1) whether the tendered instruction correctly states the law; 2) whether there is evidence in the record to support the giving of the instruction; and 3) whether the substance of the tendered instruction is covered by other instructions which are given. *School City of Gary v. Claudio* (1980), Ind.App., 413 N.E.2d 628.

██ While we agree with Duke's GMC, Inc., that a plaintiff is entitled to only one satisfaction of his claim, we cannot agree that the instruction as tendered is a correct

statement of the law. $52,500 of the $60,000 quoted in the instruction was received in the form of a loan receipt agreement. A loan receipt agreement, such as was executed in this instance, may not constitute a partial payment or satisfaction of a judgment. *Amer. Transport v. Cent. Ind. R.R. Co.* (1970), 255 Ind. 319, 264 N.E.2d 64; *Barker, supra.* Therefore, it would have been incorrect to instruct the jury that it could consider that amount of money in its verdict when legally it could not. The trial court correctly refused this instruction.

Duke's GMC, Inc., alleges error in the giving of several jury instructions which were tendered by Erskine. The first of these was tendered Instruction No. 9[3] which Duke's GMC, Inc., claims was a mandatory instruction that failed to include any reference to the defenses that were raised. Although not clearly explained in its brief, it is assumed that Duke's GMC, Inc., considers the instruction mandatory due to the use of the work "should" in the instruction.

"Should" is defined in The American Heritage Dictionary as

"... 2. Anticipation of a probable occurrence; expectation: .... 3. Condition; contingency of one condition upon another: .... 4. Uncertainty in a future event: .... 5. Moderation of the directness or bluntness of a statement with some implication of the unusual or surprising: .... Usage: *Should,* in indicating obligation or necessity, is somewhat weaker than *ought* and appreciably weaker than *must* and *have to.*"

*The American Heritage Dictionary of the English Language,* New College Edition (1976) p. 1199.

"Should" does not connote a compulsory result as does "will" or "shall." It leaves some room for a contingency. Parents of teen-age children know that simply because they tell their children that they *should* do something does not mean that the children *will* do it.

---

**3.** Final Instruction No. 22.

A similar problem arose when the word "would" was used in an instruction. At that time, this Court said, "The use of the word, 'would,' does not make this a mandatory instruction. The word, 'would,' has been held to express merely a possibility or a contingency. *Landry v. Steamship Mutual Underwriting Ass'n.,* 177 F.Supp. 142, 147. Certainly it does not make the instruction under consideration mandatory in character." *David Johnson Co., Inc. v. Basile* (1964), 136 Ind.App. 611, at 613, 199 N.E.2d 478, at 480. Likewise, use of the word "should" does not make the instruction under consideration in this case mandatory in character.

■ Duke's GMC, Inc., is correct in its assertion that a mandatory instruction must set out all the elements essential for recovery, and if an essential element is omitted, the instruction is erroneous and cannot be cured by other instructions. *Davison v. Williams* (1968), 251 Ind. 448, 242 N.E.2d 101. However, such is not the case before us. Where an instruction is not mandatory in nature, it must be considered with all the other instructions given to the jury to determine whether it was erroneous. *Lamb v. York* (1969), 252 Ind. 252, 247 N.E.2d 197.

Instructions were given on incurred risk and on contributory negligence, two of the elements which Duke's GMC, Inc., complained were left out of tendered Instruction No. 9. The trial court correctly gave no instruction on the third element, full or partial payment, as was discussed previously. All nonmandatory instructions must be considered together to determine whether the jury was properly instructed, and all applicable law need not be included in one instruction. *American Optical Co. v. Weidenhamer* (1980), Ind.App., 404 N.E.2d 606. In reviewing the jury instructions as a whole, it is clear that the jury was adequately instructed on the law in this case, and no error resulted in the giving of Erskine's tendered Instruction No. 9.

■ Duke's GMC, Inc., also finds fault with the giving of Erskine's tendered Instruction No. 1[4] which dealt with the doctrine of incurred risk. Erskine contends that this instruction was tendered to fit the doctrine of incurred risk into the facts of the instant case since the instruction on incurred risk which was tendered by Duke's GMC, Inc., and which was also given by the trial court, was an abstract statement of the doctrine.

Both parties concede that a person, in this case a golfer, who participates in an athletic event incurs certain risks of the sport, but he may not, as a matter of law, incur the risk of another participant's negligence. Erskine's tendered Instruction No. 1 simply made this clear to the jury.

An instruction must be applicable to the evidence in the record, and a party is entitled to a proposition of law if there is evidence in the record to support the giving of the instruction. *State v. Ingram* (1981), Ind., 427 N.E.2d 444; *Mullins v. Bunch* (1981), Ind., 425 N.E.2d 164. There was evidence in the record to support the instruction in question. Erskine's tendered Instruction No. 1 was not an incorrect statement of the law, but rather it narrowed the doctrine of incurred risk from the abstract and applied it to the facts of the case. The trial court committed no error in giving it.

The third instruction complained of by Duke's GMC, Inc., is Erskine's tendered Instruction No. 10[5] concerning the elements of damage to be considered by the jury in assessing compensation. Again Duke's GMC, Inc., argues that no mention was made of the $60,000 or the defense of full or partial satisfaction, and therefore it was an erroneous instruction.

No claim is made that this was a mandatory instruction; therefore, no claim may be made that it must contain all necessary elements. All applicable principles of law need not be stated in one instruction. *American States Ins. Co. v. Morrow* (1980) Ind.App., 409 N.E.2d 1140.

---

**4.** Final Instruction No. 18.

**5.** Final Instruction No. 23.

The last instruction Duke's GMC, Inc., takes issue with is Erskine's tendered Instruction No. 5.[6] This instruction dealt with the assumption that all people playing golf would observe the rules and regulations of the game. Duke's GMC, Inc., argues that by giving this instruction, the trial court has elevated the rules of golf to the same level as law.

Although Indiana has not been a forerunner in the area of sports law, other jurisdictions were helpful in deciding this issue. A Colorado court held a skier who collided with another liable on the basis of the "rules of the road" which had previously been applied only to automobile drivers. *Ninio v. Hight* (10th Cir.1967) 385 F.2d 350. The Appellate Court of Illinois held that an athletic participant is liable for an injury in a tort action if his conduct is such that it is either deliberate, willful, or with a reckless disregard for the safety of another participant so as to cause injury to that participant.

> "Individual sports are advanced and competition enhanced by a comprehensive set of rules. Some rules secure the better playing of the game as a test of skill. Other rules are primarily designed to protect participants from serious injury. (Restatement (Second) of Torts, Sec. 50, comment b.)
>
> "For these reasons, this court believes that when athletes are engaged in an athletic competition; all teams involved are trained and coached by knowledgeable personnel; a recognized set of rules governs the conduct of the competition; and a safety rule is contained therein which is primarily designed to protect players from serious injury, a player is then charged with a legal duty to every other player on the field to refrain from conduct proscribed by a safety rule. A reckless disregard for the safety of other players cannot be excused. To engage in such conduct is to create an intolerable and unreasonable risk of serious injury to other participants."

*Nabozny v. Barnhill* (1975) 31 Ill.App.3d 212, at 215, 334 N.E.2d 258, at 260–261.

6. Final Instruction No. 20.

 The recognized rules of a sport are at least an indicia of the standard of care which the players owe each other. While a violation of those rules may not be negligence per se, it may well be evidence of negligence. Neither player in this instance was a novice golfer and both parties were aware of the rules and etiquette of the game. Yet there was evidence presented that Paugh violated one or more of those rules; the result of which was Erskine's injury. Therefore, Erskine was entitled to such an instruction. The instruction did not elevate the rules of golf to the level of law and neither does this Court. Nevertheless, the trial court did not err in giving the instruction.

Having found no reversible error, the judgment is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.