**Myron K. WILDER, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 71A03–8605–CR–150.**

Court of Appeals of Indiana, Third District.

Oct. 28, 1986.

---

Michael A. Dvorak, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Myron Wilder was tried by jury and convicted of theft, a Class D felony. The evidence disclosed that on December 7, 1984 he entered the men's department of a Sears store, grabbed three coats from a display rack and ran for the outside door. He was apprehended at the doorway.

His appeal challenges the jury selection process, the propriety of permitting the jury to review certain evidence after they had commenced deliberations, and the failure of the verdict form to recite the felony classification of the charged offense.

### I.

Wilder, who is black, contends his jury was selected in a constitutionally impermissible manner. First he asserts the jury was not representative of the community because the panel of nineteen veniremen contained only two blacks while he asserts the general population of St. Joseph County contains a substantially greater percentage of blacks.[1]

Wilder has misread *Duren v. Missouri* (1979), 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 and *Phillips v. State* (1978), 268 Ind. 556, 376 N.E.2d 1143. The principle of those decisions is that the state may not destroy the representative status of

---

1. Appellant has presented no statistical evidence similar to that before the Court in *Duren v.* *Missouri, infra.*

jury arrays by the systematic exclusion of distinctive groups in the community. No systematic exclusion is suggested to exist in St. Joseph County. Indeed Wilder acknowledges that venires are drawn from the voter registration lists and "there is no dispute that said list for selecting venires have been reviewed and approved as meeting the Constitutional purpose of providing a fair and impartial trial." Contrary to his contention the constitution does not require the state to actually impanel in every venire a representative cross section. *See Taylor v. Louisiana* (1975), 419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690, quoted in *Phillips,* 268 Ind. at 560, 376 N.E.2d at 1146.

Wilder also appears to argue that the black people called on his panel were improperly excluded. Again we must disagree.

■ Recently in *Batson v. Kentucky* (1986), —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69, the Court reviewed its decisions recognizing that a black defendant alleging that members of his race have been impermissibly excluded from the venire may make out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Wilder has not proved that blacks have not been summoned for jury service in St. Joseph County or that they are selected under a practice providing the opportunity for discrimination. He acknowledges that the voter registration lists contain no racial identification whatever. In *Batson* the Court determined that a prima facie claim could also be made out by showing that the prosecutor has used his peremptory challenges to remove from the venire members of the defendant's race.

This case is not of that genre. The jurors here were placed in the box in the order in which their names were drawn as required by IC 33–4–5.5–9(d). *See Robinson v. State* (1983), Ind., 446 N.E.2d 1287.

Mrs. Brown, a black, was seated as juror number 4. The court granted the state's challenge of her for cause when on voir dire she stated that she felt she could not be impartial. The other black member of the venire was seated as venireman number 19 and was not reached.

The statute which requires that jurors be seated in the order in which their names were drawn militates against rather than in favor of an opportunity for discrimination. In view of its mandate, the court committed no error in refusing to move venireman 19 forward on the panel when Mrs. Brown was discharged for cause. *Robinson, supra.*

## II.

Wilder next argues the court erred in permitting the jury to view a videotape that had been admitted into evidence. The jury had commenced deliberations but asked to see the tape gain. The tape was made by one of the store's security personnel and recorded Wilder's activity in the store at the time in question. Citing *Thomas v. State* (1972), 259 Ind. 537, 289 N.E.2d 508 the state replies that Wilder has failed to establish an abuse of discretion.

In *Thomas* the Supreme Court found reversible error where the court permitted the jury to take to the jury room a written statement given by a witness incriminating the defendant, which had been admitted solely for impeachment purposes. The court adopted section 5.1 of the ABA Standards Relating to Trial by Jury which vests the court with discretion to permit the jury to take to the jury room exhibits and writings received in evidence, except depositions.

Substantial law has developed in this area since *Thomas.* Cases have continued to invest the trial court with discretion to permit exhibits, including confessions, to be taken to the jury room. *See Smith v. State* (1982), Ind., 437 N.E.2d 975; *Jackson v. State* (1980), 274 Ind. 297, 411 N.E.2d 609; *Pollard v. State* (1982), Ind.App., 439 N.E.2d 177.

However, another line of decisions has applied IC 34–1–21–6 to criminal trials. That statute states:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

Noting the mandatory language of the statute and the court's concern in *Thomas* about the undue stress that may be placed upon an exhibit which is allowed to remain with the jury (*Long v. State* (1981), Ind., 422 N.E.2d 284), the court has not examined for an abuse of discretion where the statutory procedure is employed. It has simply held it proper for the court to permit the jury to again hear the evidence or examine the exhibit. *Long, supra; Harris v. State* (1978), 269 Ind. 672, 382 N.E.2d 913; *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188.

Accordingly, it was not error to permit the jury to return to the courtroom to again view the videotape.

### III.

Finally Wilder contends the court erred in refusing to instruct the jury that theft was a Class D felony.

The court committed no error. At the time of the offense IC 35–43–4–2 provided that theft was a Class D felony. However, it is only necessary to instruct the jury on the matters necessary for them to adequately understand the case and arrive at a fair verdict. *Rodriguez v. State* (1979), 179 Ind.App. 464, 385 N.E.2d 1208.

The fact that theft was a felony or, specifically, a Class D felony was not necessary information for the jury. Pursuant to IC 35–50–1–1, fixing the penalty and sentencing the defendant is the function of the court.

Numerous cases have rebuffed an accused's attempt to have the jury instructed concerning the actual penalty or range of penalties that might be imposed upon a conviction. *See, e.g., Williamson v. State* (1982), Ind., 436 N.E.2d 90. While we have held that disclosing that a given offense is a certain class felony does not violate the prohibition against disclosing penalties (*Short v. State* (1982), Ind., 443 N.E.2d 298), we see no necessity in this case for the jury to have had the information and Wilder has shown none.

The judgment is affirmed.

STATON, P.J., and HOFFMAN, J. concur.